OPINION OF THE COURT
Peter Fox Cohalan, J.
This is a CPLR article 78 proceeding brought by petitioner against the respondents, Office of Court Administration and the Chief Administrator of the Courts (hereinafter referred to as OCA), seeking to set aside and vacate a certified list of eligible candidates for promotion on the grounds that the list contains names of individuals not qualified for appointment from the list.
Petitioner is employed in the Supreme Court, Suffolk County, and was a Data Entry Supervisor (JG 13) on a provisional basis since December 27, 1984, having previously held a permanent appointment in the position of Senior Office Typist (JG 8).[1] The data entry title consists of five positions listed as Data Entry Clerk (JG 7), Senior Data Entry Clerk (JG 9), Data Entry Control Clerk (JG 11), Data Entry Supervisor — petitioner’s provisional position (JG 13) and Senior Data Entry Supervisor (JG 18). On or about March 26, 1990 respondents gave notice of a promotional examination for the position of Senior Data Entry Supervisor (JG 18) which examination No. 55-605 was held on May 19, 1990.
In order to compete in the examination for appointment to Senior Data Entry Supervisor, a candidate was required to hold a current permanent, competitive class status as a Data Entry Supervisor or one year of permanent, competitive class status in certain enumerated titles which included, inter alla, Senior Office Typist (JG 8). However, to be eligible for appointment, a candidate must have successfully passed the examination and have one year permanent status as a Data Entry Supervisor or two years of permanent competitive class status in certain enumerated titles which included the title of Senior Office Typist and one year experience in managing data entry operations in any court title.
On February 16, 1991 a State-wide list was posted which *196 shows 84 individuals passed the examination and 87 failed and petitioner was ranked 24th by test score on this list. However, only seven applicants including the petitioner were available for immediate appointment, having passed the exam and having the requisite experience for appointment to the title of Senior Data Entry Supervisor and petitioner’s ranking was third of those seven available for immediate appointment.[2] The others had asterisks placed against their names signifying they were not available for immediate appointment, mainly due to a perceived deficiency in the experience requirement for appointment.
Subsequently, the respondent OCA issued a certification of eligibles list dated April 17, 1992 which ranked petitioner in the 10th position behind Ms. Palmer-Schmitt (ranked No. 4) and Ms. Francis (ranked No. 9). Ms. Palmer-Schmitt and Ms. Francis among others had the asterisk denoting an experience restriction against their name removed after submitting a letter from their supervisor, Victor Rossomano, Senior Administrative Assistant with OCA (with respect to Ms. PalmerSchmitt), and Mr. Lloyd Hopson, Deputy Chief Clerk of the Supreme Court, Matrimonial Department (with respect to Ms. Francis), attesting to their alleged experience supervising data entry operations.
On May 3, 1991 petitioner was one of seven notified to appear for an interview for the position of Senior Data Entry Supervisor in the Supreme Court, Suffolk County, to be conducted on May 10, 1991. Of the seven names on the eligible list for interview, two declined, leaving five named individuals including petitioner (positioned at No. 4 from the eligible list) behind both Ms. Palmer-Schmitt and Ms. Francis.
While no appointment from the list had yet to be made, petitioner brought the instant proceeding seeking to set aside the determination of the respondents which certified a list of eligible candidates for promotion to Senior Data Entry Supervisor on the grounds that two individuals, Ms. Bonnie PalmerSchmitt and Ms. Lynn Francis, did not possess the minimum qualifications to either have been eligible to take the examination or to be eligible for appointment to the position of Senior Data Entry Supervisor. Respondent OCA opposed the petitioner’s application for article 78 relief and the deletion of Ms. *197 Palmer-Schmitt and Ms. Francis from the list of candidates eligible for promotion on the grounds that both women met the minimum qualifications to both take the test and be eligible for appointment to the position.
This court in an order and memorandum decision dated April 1, 1992 found that, from the papers submitted, the petitioner’s objection to the qualifications of Ms. PalmerSchmitt and Ms. Francis to take the test for Senior Data Entry Supervisor were without merit but that the "second prong” of the requirement for appointment, i.e., experience in data entry operation and supervision, was an issue that needed to be addressed at a hearing where testimony could be taken.
Petitioner’s provisional title as Data Entry Supervisor and job description involve the very duties to which she seeks higher promotion. On the other hand, both Ms. PalmerSchmitt, as a Senior Administrative Assistant, and Ms. Francis, as a Court Assistant, by job title alone did not carry the same specifications and job description as someone within the data entry series of job titles.
While the promotional list does not require appointment from within the data entry job titles, it does require experience in data entry supervision.
As the court noted in its decision of April 1, 1992: "the lack of a clear objective basis and established criteria and standards for the removal of the experience restriction may be in and of itself arbitrary, capricious, an abuse of discretion, unfair and ultimately unlawful.”
This court ordered a hearing to be conducted on June 1, 1992 and joined as party respondents in the petition Ms. Bonnie Palmer-Schmitt and Ms. Lynn Francis. The hearing was conducted on June 1, 2, 4, 9, 11 and 12 of 1992 at the conclusion of which memoranda were filed by all parties.[3] This court narrowed the scope of the hearing to the issue of whether or not the procedures adopted by the respondent OCA for the removal of the experience restrictions for appointment to the position was arbitrary and capricious as a matter of law and reserving for a later time, if necessary, the question of qualifications of the people whose restrictions were removed.
*198 For the following reasons, the petitioner’s application is granted to the extent that the court finds that the process adopted by respondent OCA for the removal of experience restrictions is, under the circumstances, arbitrary, capricious, an abuse of discretion and unlawful. The court invalidates the list for promotion to Senior Data Entry Supervisor as to all candidates with experience restrictions placed against their names and directs that if the list is used, the only candidates eligible for appointment are those who satisfy the requirement of permanent status as a Data Entry Supervisor or qualify, as petitioner had and did as a provisional Data Entry Supervisor (i.e., the original seven on the list), since only those two classes of individuals qualify without resort to the invalid process adopted by the Office of Court Administration with respect to the removal of experience restrictions on eligibility for appointment.
While the court recognizes that the administrative arm of the Unified Court System (Office of Court Administration) is to be afforded great latitude in fixing and determining fair and reasonable standards with regard tó the qualifications and fitness of candidates for appointment to a position, this power is not absolute or beyond judicial scrutiny. Such a determination will not be interfered with unless the decision is so irrational or arbitrary as to warrant or require judicial intervention. (Matter of Cassidy v Municipal Civ. Serv. Commn., 37 NY2d 526 [1975]; Matter of Weitzenberg v Nassau County Civ. Serv. Commn., 172 AD2d 613 [2d Dept 1991]; see generally, 19 NY Jur 2d, Civil Servants, §§ 298, 324.) The court at the hearing narrowed the scope of the issues to the procedures and process which the respondent OCA adopted to remove experience restrictions to a candidate’s appointment to a position, in this case, Senior Data Entry Supervisor, and found those procedures and process to be wanting and fundamentally unfair.
Robert Simek is the Principal Personnel Analyst who serves as the head of the respondent Office of Court Administration’s examination unit and testified at length as to his role in the eligibility determination process. The evidence adduced at the hearing established that the experience restriction placed against a qualifying test candidate’s name was capable of being removed by Mr. Simek simply by the receipt of a letter from the candidates’ supervisor without even a superficial examination or investigation of the contents or veracity of the letter. While this court, as a result of the limited inquiry *199 allowed as to the qualifications of respondents, Ms. Francis and Ms. Palmer-Schmitt, finds them clearly qualified for the position sought, it was this hearing and the court’s inquiries that established their qualifications and not some formal mechanism or process adopted by the Office of Court Administration to do that which this court has done, namely test, investigate and verify claims of work experience.
As a general rule, this court should not interfere with a determination of an administrative body in a proper exercise of its discretion, nor would it undertake to substitute its judgment or set a procedure to be adopted by the administrative agency in performing its function. (Sheridan v Kern, 255 App Div 57 [1st Dept 1938].) However, by the same token, the administrative agency must have a valid process which passes constitutional and legal muster and avoids an arbitrary or subjective use of power which is incapable of a rational basis of support. As the court noted in Matter of Altman v Lang (44 Misc 2d 751, 754 [1965]), the proof should serve "to fix objective standards of training and experience consonant with the requirements for competent and capable performance of the duties and responsibilities attendant to the position” (emphasis added).
However, in this case, no objective standards are set, required or verified for removal of the experience restriction to appointment and instead respondent relies on the subjective opinion and decision process of Mr. Simek, the respondent’s Principal Personnel Analyst, in his review of what the court could best characterize as a "good guy” letter from the applicant’s supervisor. As illustration, during examination of Mr. Simek by petitioner’s attorney with reference to the process used by Mr. Simek in removing the experience restriction from Ms. Palmer-Schmitt based upon her supervisor, Mr. Victor Rossomano’s letter, this exchange occurred:
"A We have to see what the duties are. If she, if she indicates that she did, trained subordinate personnel and her functions are working with data entry operations, we assumed that she’s training subordinate personnel with regard to data entry operations.
"Q You assumed that she does that
"A Yes.
"Q You don’t verify it

"A No.”

The use of assumptions, the lack of verification, the subjec *200 tive nature of the process used by the Office of Court Administration in reposing within this one individual the right to decide without any standard whether to remove an experience restriction or not is the harbinger of abuse of discretion and is arbitrary, capricious and illegal. The transcript is replete with instances of this lack of verification and subjective decision making.
"Q Did you interview Mr. Rossomano?
"A No.
"Q Did you call Ms. Palmer and speak to her on the telephone or on the substance of this letter?
"A No.
"Q Did you call Mr. Rossomano and discuss the substance of his letter?
"A No.
"Q Did you check the substance of his letter with any records maintained by the Office of Court Administration?
"A No.
"the court: So, is it fair comment to say then you accepted two supervisors’ letters at face value?
"the witness: That is correct * * *
"Q Is it fair to say, Mr. Simek, that upon receipt of Mr. Hopson’s letter you read the letter and then the next day sent a letter to Ms. Francis?
"A That is correct.
"Q Without verifying any of the information contained in Mr. Hopson’s letter, is that correct?
"mr. schlachter: Objection.
"the court: Overruled.
"A That is correct * * *
"Q Did you do any checking or investigation concerning the substance of Mr. Hopson’s letter?
"A No * * *
"Q Do you have that somewhere as a standard in writing that a letter from a supervisor is sufficient, do you have that somewhere?
"A No, we don’t.”
Again, the court wishes to stress that the qualifications of *201 Ms. Francis and Ms. Palmer-Schmitt are clearly apparent from the record of this hearing yet it was this court and not respondent OCA who determined in a limited way the veracity of those qualifications. The process of respondent OCA in the removal of experience restrictions is clearly deficient and the manner in which Mr. Simek used this "alleged process” to remove the experience restrictions to appoint was arbitrary, capricious, without support and an abuse of discretion.
The remedy to the invalidation of the so-called "process” adopted by respondent in the removal of the experience restrictions to appointment of the candidates whose names appear on the list is to invalidate the list and direct that absent an objective standard being used, appointment to the position of Senior Data Entry Supervisor is limited to the original list of eligible candidates (seven including petitioner) whose work experience can be documented by title as Data Entry Supervisor or Provisional Data Entry Supervisor without resort to candidates with experience restrictions which have been removed by use of the invalid so-called "process” of Mr. Simek.
Finally, as an aside and while not a factor in the court’s opinion or decision, it does speak to the nature of a bureaucracy and in particular to the mindset of respondent OCA. Mr. Simek in his testimony in characterizing respondent OCA and his duties noted that "we certify those lists for appointment to the various courts and agencies that work under the Office of Court Administration”. It is important to note that this court, unlike respondent, is an independent judicial official duly elected by the citizens of the Tenth Judicial District comprising Nassau and Suffolk Counties of the State of New York. This court does not work for or under the respondent whose function can best be described as a "statistical repository” and an administrative arm of the Unified Court System. The fact that Mr. Simek or respondent OCA believes, suggests or states that this court "works for” or "under OCA” does not make it so, nor does this court believe an independent judiciary subscribes to respondent’s claim to be subservient to it.
Petitioner’s request for relief in the nature of this article 78 proceeding is granted to the extent indicated in this memorandum decision.

. Petitioner after filing this lawsuit and pursuant to the Rules of the Chief Judge (22 NYCRR 25.25 [c]) was removed from her provisional title of Data Entry Supervisor and demoted and relegated back to her original title of Senior Office Typist.

. Both Ms. Palmer-Schmitt and Ms. Francis were not one of the eligible seven since an asterisk or experience restriction was placed against their names.

. Due to the requirements of getting the transcripts typed up and memorandum filed by all parties, the matter was not finally submitted until February 16,1993.