■ In the Matter of JULIANA KULESA, Respondent, v OFFICE OF COURT ADMINISTRATION OF THE STATE OF NEW YORK et al., Appellants. LYNN FRANCIS et al., Nonparty Appellants. [617 NYS2d 537] —In a proceeding pursuant to CPLR article 78 to

compel the appellants to remove Lynn Francis' and Bonnie Schmitt's names from the list of candidates who are eligible for appointment to the position of senior data entry supervisor, the appeal is from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered July 19, 1993, which granted the petition.

Ordered that the judgment is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the petition is denied and the proceeding is dismissed.

In order to be eligible for promotion to the position of senior data entry supervisor, a candidate must pass an examination; have one year of permanent, competitive class service in the title of data entry supervisor or two years of permanent, competitive class service in certain enumerated titles; and one year of experience in any title in the Unified Court System managing data entry operations. The petitioner commenced this proceeding to challenge the procedure by which the Office of Court Administration determines whether a candidate satisfies the requirement of one year of experience managing data entry operations. The Supreme Court found that the Office of Court Administration's procedure of accepting a letter from a candidate's supervisor stating that the candidate has the requisite one year of experience is arbitrary, capricious, and an abuse of discretion.

It is the function of a civil service commission to fix fair and reasonable standards for testing the qualifications of applicants for promotion (see, Matter of Weitzenberg v Nassau County Civ. Serv. Commn., 172 AD2d 613, 614). This Court will not interfere with the commission's discretion in determining the qualifications of candidates unless the commission's determination is so irrational and arbitrary that it warrants judicial intervention (see, Matter of Weitzenberg v Nassau County Civ. Serv. Commn., supra). Here, the Office of Court Administration's determination to accept a letter from a candidate's supervisor stating that the candidate satisfies the requirement of one year of experience managing data entry operations is not arbitrary, capricious, or an abuse of discretion (see, CPLR 7803 [3]). Santucci, J. P., Joy, Krausman and Goldstein, JJ., concur. [See, 158 Misc 2d 194.]