■ In the Matter of WILLIAM J. METZGER, Respondent, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review appellants' determination, made after a hearing, that petitioner was unfit to qualify as a Nassau County police patrolman, the appeal is from a judgment of the Supreme Court, Nassau County, dated November 24, 1975, which (1) vacated the notice of disqualification and (2) directed the restoration of petitioner to the certified list of candidates qualified for the position of police patrolman in Nassau County. Judgment reversed, on the law, without costs or disbursements, petition dismissed, and the notice of disqualification is reinstated. On November 18, 1972 petitioner took a competitive examination for a position as a police officer in the Nassau County Police Department. He passed the examination and was placed on the eligible list. An investigation into the petitioner's over-all personal fitness was conducted under appellants' authority. The investigation revealed that, between November, 1970 and November 17, 1974, petitioner was guilty of eight traffic violations; that he had been arrested on an outstanding warrant and found guilty of speeding; and that his driving license was once suspended for a month. The investigation revealed that, during the same period, petitioner was involved in seven automobile accidents. In one of those mishaps petitioner's car collided with a youth on a bicycle. At that time petitioner received a ticket because his car was equipped with defective brakes. He pled guilty to that charge. The investigation also revealed, through interviews with his neighbors, that petitioner worked on cars in his driveway in a loud, noisy and disturbing manner, and that he drove his car through the neighborhood at excessive rates of speed. As a result of the investigation petitioner was disqualified from the eligible list by written notice dated June 17, 1975, on the grounds of "disrespect for the requirements and processes of law and an unsatisfactory reputation." Petitioner was afforded a hearing, where he was represented by counsel and given the opportunity to submit facts in opposition to the appellants' determination. After the hearing, appellants adhered to their initial determination. Special Term vacated the appellants' notice of disqualification and restored petitioner to the certified list of candidates

qualified for the position of police patrolman in Nassau County. Specifically, the Special Term, in its decision, discounted the neighbors' observations as mere gossip. While conceding the right of appellants to disqualify an applicant who was not fit for the position for which he applied, Special Term held that petitioner's traffic violations, accidents and conduct in the neighborhood did not constitute guilt "of a crime or of infamous or notoriously disgraceful conduct", which a municipal civil service commission may otherwise use as a basis for refusing to certify an applicant (see Civil Service Law, § 50, subd 4, former par [d]). In our view, Special Term erred in relying solely on section 50 (subd 4, former par [d]) of the Civil Service Law, and in judging petitioner's conduct in light of that section alone. The law in this area has been properly stated in *Matter of Haynes v Brennan* (16 Misc 2d 13, 14–15): "It is well-settled law that the Civil Service Commission may inquire into the character and reputation of applicants for public employment and exclude from such civil service of the State or municipality any person it deems unfit to occupy a public position by reason of 'indolence, inadaptibility to the service, garrulousness, want of character, experience, tact, integrity, or a lack of proper disposition, or the existence of habits which would render him quite unfit to assume the duties of the position and yet not be actually incompetent.' " Moreover, section 50 (subd 4, par [a]) of the Civil Service Law provides: "4. Disqualification of applicants or eligibles. The state civil service department and municipal commissions may refuse to examine an applicant, or after examination to certify an eligible (a) who is found to lack any of the established requirements for admission to the examination or for appointment to the position for which he applies". Wide discretion is afforded to civil service commissions in determining the fitness of candidates. The exercise of that discretion is to be sustained unless it has been clearly abused *(Matter of Cowen v Reavy,* 283 NY 232). In fact, the unique role of the police officer has been recognized by the State Legislature in its enacting of former section 58 of the Civil Service Law. That section provides, in pertinent part: "§ 58. Requirements for provisional or permanent appointment of certain police officers 1. Notwithstanding any other provision of this law or any general, special or local law to the contrary, no male person shall be eligible for provisional or permanent appointment in the competitive class of the civil service as a police officer of any police force or police department of any county * * * unless he shall satisfy the following basic requirements: * * * (d) he is of good moral character." Under the circumstances herein, it is our view that appellants did not act arbitrarily or unreasonably in determining that petitioner did not demonstrate the requisite character to be eligible for the position of police officer and that appellants did not act arbitrarily or unreasonably in so determining (cf. *Matter of Vegas v Schechter,* 13 Misc 2d 265). Gulotta, P. J., Hopkins, Latham, Cohalan and Hawkins, JJ., concur.