OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Petitioner was dismissed from his position as a probationary correction officer by respondent Commissioner of the Westchester County Department of Correction, after testing positive for cannibis in a random urinalysis test conducted in the seventh month of his 12-month period of probation. The test was mandated by the Department’s policy of requiring probationary correction officers periodically to produce urine sam *996 pies to be analyzed for evidence of illegal drug use. Petitioner was aware of this policy when he accepted the position. We have today concluded in Matter of Seelig v Koehler (76 NY2d 87 [decided today]) that the random urinalysis testing of tenured correction officers of the New York City Department of Correction, without reasonable suspicion and under circumstances and procedures nearly identical to those employed in this case, comports with the exception articulated in Matter of Patchogue-Medford Congress of Teachers v Board of Educ. (70 NY2d 57) and is therefore constitutionally permissible (see also, Matter of Caruso v Ward, 72 NY2d 432). No different result is warranted here.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.