In the Matter of JOHN J. SCOTTO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 20, 1991

### APPEARANCES OF COUNSEL

*Robert H. Straus (Mark F. DeWan* of counsel), for petitioner.

*Frederick L. Sosinsky* for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by this court on July 9, 1986. On June 28, 1990, in the Superior Court of

California, County of Los Angeles, the respondent was convicted, upon his plea of *nolo contendere*, of possession of a forged instrument in violation of California Penal Code § 475, a felony. The respondent was sentenced on August 31, 1990, to a term of 16 months' imprisonment.

We find that California Penal Code § 475 is essentially similar to New York Penal Law § 170.25, criminal possession of a forged instrument in the second degree, a class D felony. Both California Penal Code § 475 and New York Penal Law § 170.25 require a knowing possession of a forged instrument and an intent to defraud.

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony.

Accordingly, the petitioner's motion is granted. The respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

BALLETTA, J. P., ROSENBLATT, MILLER, O'BRIEN and RITTER, JJ., concur.

Ordered that petitioner's motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent John J. Scotto is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent John J. Scotto is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.