■ In the Matter of CHRISTOPHER J. McCARTHY, Petitioner, v BOARD OF REGENTS OF THE STATE OF NEW YORK et al., Respondents.—Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review a determination of respondent Commissioner of Education which suspended petitioner's registration to practice as a physician's assistant in New York for two years.

Petitioner, a registered physician's assistant, was charged with professional misconduct pursuant to Education Law § 6509 (5) (a) (i) following his December 1988 conviction upon a plea of guilty of the crime of operating a motor vehicle while under the influence of alcohol. As provided by Education Law § 6510 (2) (d), the disciplinary matter was referred directly to a Regents Review Committee for an expedited hearing. The Regents Review Committee found petitioner guilty of misconduct as charged and recommended a two-year suspension, a stay of execution of such suspension, and two years of probation during which petitioner is required to be monitored for alcohol and drugs and to submit urine samples for alcohol and drug tests. Respondent Board of Regents adopted the finding and the recommended penalty, and respondent Commissioner of Education issued the implementing order.

While highly commendable, petitioner's significant efforts to rehabilitate himself and the fact that he has satisfactorily complied with court-ordered probation does not, as petitioner's counsel intimates, foreclose respondents from imposing a further penalty, including probation. And given petitioner's position, its nexus to public health and welfare, and respondents' duty to protect the public *(see, Matter of Meshel v Board of Regents,* 110 AD2d 976, 977, *lv denied* 65 NY2d 608), we are not persuaded that a two-year stayed suspension coupled with two years of probation is either " ' "disproportionate to the [misconduct]" ' " or " ' "shocking to one's sense of fairness" ' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, quoting *Matter of Stolz v Board of Regents,* 4 AD2d 361, 364).

However, to the extent that the Commissioner's order requires petitioner to submit to monitoring for drug abuse, the order is overly broad and must be annulled. The Board of Regents is authorized by statute to require a licensee to submit to random alcohol and drug testing as part of his probation (former Education Law § 6511-a [e]). But this authority is limited, for it is settled that government-compelled urine testing involves a search and seizure and must be based on a reasonable suspicion (see, Matter of Patchogue-Medford Congress of Teachers v Board of Educ., 70 NY2d 57, 68-69). Although the record evidence here supports a reasonable suspicion of alcohol use and, hence, justifies alcohol testing, it provides no such support regarding drug use; nor does petitioner's admitted prior alcohol use, in and of itself, support such a suspicion.

Generally there is no requirement that the Commissioner must detail the evidence relied upon in reaching a determination (see, Matter of Beldengreen v Sobol, 175 AD2d 423; Matter of Gordon v Commissioner of Educ., 144 AD2d 839). Where, however, as here, the discipline imposed (drug testing) is totally unwarranted for the punishable misconduct (driving under the influence of alcohol), the Board of Regents should have stated "its findings as to the special circumstances which led it to adopt [that] particular measure of discipline" (Matter of Stolz v Board of Regents, supra, at 365). Because it failed to do so, and the record does not support a reasonable suspicion of drug use, drug testing is inappropriate.

Weiss, J. P., Mikoll, Crew III and Harvey, JJ., concur. Adjudged that the determination is modified, without costs, by annulling the requirement that petitioner submit to drug testing, and, as so modified, confirmed.