■ In the Matter of GARY DELARABA, Appellant, v NASSAU COUNTY POLICE DEPARTMENT et al., Respondents. [597 NYS2d 82] —In a proceeding pursuant to CPLR article 78, in effect, to prohibit the respondent Nassau County Police Department from implementing Orders of the Commissioner of Police numbered 16 and 27, and dated April 16, 1989, and June 26, 1989, respectively, which authorize "random, periodic [drug] testing" of members assigned to the Narcotics Bureau, the Special Narcotics Enforcement Units, and the Scientific Investigation Bureaus, so as to require monthly testing, on an independent trial basis, of 10 randomly selected members of those units, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Becker, J.), dated February 14, 1991, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, and the petition is granted to the extent that the respondents are prohibited from implementing Order Numbers 16 and 27 so as to require monthly testing, on an independent trial basis, of 10 randomly selected members assigned to the Narcotics Bureau, the Special Narcotics Enforcement Units, and the Scientific Investigation Bureaus.

By orders dated April 16, 1989, and June 26, 1989, respectively, the respondent Commissioner of Police of the Nassau County Police Department authorized a program of drug testing providing, *inter alia,* for random testing of members of the Narcotics Bureau, Special Narcotics Enforcement, and the Scientific Investigation Bureau. Testing was to be performed monthly on an "independent trial" basis, such that random selection of a member would not result in the removal of that member from the selection process for subsequent testing periods. In July 1990 the petitioner, who is the President of the Police Benevolent Association of Nassau County, received notice that 10 of the approximately 100 members subject to random testing would be tested each month. The petitioner thereafter commenced this proceeding seeking to prohibit the respondents from implementing the random drug testing plan on the ground that the frequency of the testing would be impermissibly intrusive.

The petitioner does not argue that a random drug testing program is *per se* unconstitutional, but contends that the frequency of testing under the respondents' plan is impermissibly intrusive. We agree.

It is well settled that random drug screening constitutes a search and seizure subject to constitutional scrutiny *(see, Treasury Empls. v Von Raab,* 489 US 656; *Matter of Caruso v Ward,* 72 NY2d 432). The Court of Appeals has held that "random searches conducted by the State without reasonable suspicion are closely scrutinized, and generally only permitted when the privacy interests implicated are minimal, the government's interest is substantial, and safeguards are provided to insure that the individual's reasonable expectation of privacy is not subjected to unregulated discretion" *(Matter of Patchogue-Medford Congress of Teachers v Board of Educ.,* 70 NY2d 57, 70). In reviewing the respondents' random drug screening plan, we must "assess the reasons for the search and the extent to which it intrudes on legitimate privacy interests to determine whether, on balance, the government's action is reasonable" *(Matter of Patchogue-Medford Congress of Teachers v Board of Educ., supra,* at 68).

While the Court of Appeals has in specific cases approved of random drug testing of law enforcement units involved in narcotics interdiction *(see, Matter of Caruso v Ward, supra)* and correction officers *(see, Matter of Seelig v Koehler,* 76 NY2d 87, *cert denied* 498 US 847; *Matter of McKenzie v Jackson,* 152 AD2d 1, *affd* 75 NY2d 995), there is no basis on this record for testing with the frequency of the plan implemented by the respondents. Absent some evidence that the desired objectives require the frequency of testing under the respondents' plan and cannot be accomplished with a less stringent testing schedule, we must conclude that the affected members' reasonable expectations of privacy are subject to unregulated discretion, and that the respondents' plan is therefore unreasonably intrusive *(see, Matter of Patchogue-Medford Congress of Teachers v Board of Educ.,* 70 NY2d 57, *supra).* Bracken, J. P., Balletta, Eiber and Santucci, JJ., concur.