■ In the Matter of STEPHEN WASHINGTON, Petitioner, v JOHN M. DOLCE, as Commissioner of Public Safety of the City of White Plains, et al., Respondents. [617 NYS2d 533] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of Public Safety dated December 27, 1991, which, after a hearing, found that the petitioner had reported for duty in an unfit condition, and had improperly failed to obey a command by the Deputy Chief to submit to a urine test, and terminated the petitioner's employment as a firefighter with the City of White Plains Fire Department.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

There was substantial evidence in the record to support the respondents' findings of fact (see, Matter of Pell v Board of Educ., 34 NY2d 222). The petitioner, by all accounts, appeared to be impaired and unable to perform the duties of his employment without a risk of injury to himself and to those whose safety he was employed to safeguard. In light of the sensitive nature of the petitioner's employment and the fact that there were reasonable grounds for suspecting that the urine test would turn up evidence that the petitioner was impaired, the Deputy Chief's order that the petitioner submit to a drug test was reasonable (see, Matter of Caruso v Ward, 72 NY2d 432; Matter of Longo v Dolce, 192 AD2d 157; Matter of Barretto v City of New York, 157 AD2d 116). Accordingly, the petitioner's failure to comply with this order properly served as a ground for disciplinary action pursuant to Department of Public Safety, White Plains Fire Bureau Rules and Manual of Procedure § 126.

Further, the penalty of dismissal, when considered in light of all of the circumstances of this case, was not so disproportionate to the offense as to be shocking to one's sense of fairness (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176; Matter of Pell v Board of Educ., 34 NY2d 222, 223, supra). In this regard, we note that a high degree of deference is to be accorded to an agency's determina-

tion of the appropriate penalty to be imposed *(see, Matter of Berenhaus v Ward,* 70 NY2d 436).

We have examined the petitioner's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.