■ In the Matter of Charles Smith, Respondent, v City of New York et al., Appellants. [644 NYS2d 720]

Four and one-half months after his appointment as a probationary sanitation worker with the Department of Sanitation, the New York City Department of Personnel notified petitioner that he had been found not qualified because of his conviction record and character. That determination was based on petitioner's answers to questionnaires asking about his criminal history including post-convictions and pending charges. Both documents contained a warning that a materially false statement or omission would result in disqualification. On one of the questionnaires which asked for the police precinct, petitioner listed "subway". Petitioner was also required to state, for each incident, the offense, date, court and disposition, which information he failed to supply. Instead, he wrote, in no apparent order, the dates 1976 and 1982 and "theft of services" and "disorderly conduct." In the other form, he was required to furnish all the facts concerning the circumstances of the occurrence. None were stated. Subsequent investigation disclosed that petitioner had been arrested on March 4, 1975 and charged with sexual abuse in the third degree and pleaded guilty to disorderly conduct. He was fined $50 and given a conditional discharge. Petitioner was arrested again in 1978 and charged with resisting arrest, sexual abuse in the third degree and public lewdness. According to the arresting officer, petitioner was observed rubbing his exposed penis against the buttocks of an unidentified female on a subway train. When placed under arrest, he shoved and kicked the officer. He was convicted of public lewdness and sentenced to five days or a $100 fine.

The New York City Civil Service Commission, after a hearing, upheld the Department of Personnel's finding that petitioner lacked the requisite character for the position sought, rejecting the argument that petitioner should be barred from any employment with the City of New York which involved contact with the public, but determining that petitioner had intentionally failed to disclose, completely and accurately, his record of convictions. This CPLR article 78 challenge followed. The IAS Court, highlighting that part of

the Commission's opinion stating that had petitioner been truthful in his answers to the application it would have found sufficient evidence of rehabilitation to warrant reversal, held that the misrepresentation was not material and thus that the Commission's determination lacked a rational basis. In so ruling, the IAS Court missed the point. Accordingly, we reverse.

"Wide discretion is afforded to civil service commissions in determining the fitness of candidates. The exercise of that discretion is to be sustained unless it has been clearly abused." (*Matter of Metzger v Nassau County Civ. Serv. Commn.*, 54 AD2d 565, 566.) The record clearly shows that petitioner submitted false and misleading answers to the questionnaires relating to his conviction record. The Commission could find, as it did, that petitioner's responses, incomplete and ambiguous, were obviously intended to conceal the true nature of his criminal record. Petitioner failed to indicate all the facts as to these convictions, as required, and did not so much as mention the public lewdness conviction. On such a record, the Department of Personnel and the Commission quite properly determined that petitioner lacked the requisite character for the position. Concur—Sullivan, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.