■ In the Matter of IAN S. WILSON, Petitioner, v CITY OF WHITE PLAINS et al., Respondents. [687 NYS2d 420] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent City of White Plains Commissioner of Public Safety dated December 26, 1996, which adopted the recommendation of a Hearing Officer, made after a hearing, finding the petitioner guilty of six charges of misconduct and terminating him from his position as a firefighter with the City of White Plains Fire Department. Justice Friedmann has been substituted for former Justice Pizzuto (see, 22 NYCRR 670.1 [c]).

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, the petitioner is reinstated to his position as a firefighter with the City of White Plains Fire Department, and the matter is remitted to the respondents for the calculation of back pay and benefits to which the petitioner may be entitled.

We agree with the petitioner's contention that he was improperly directed to submit to blood and urine tests. In directing the petitioner to take these tests, the respondents relied upon an unsubstantiated and anonymous letter. There was no objective evidence which would have suggested that the petitioner was abusing alcohol or drugs. Thus, the respondents' directive under these circumstances was arbitrary and without even a minimal basis of justification (see, Fiorenza v Gunn, 140 AD2d 295; see also, Matter of Wilder v Koehler, 161 AD2d 331; Matter of McCarthy v Board of Regents, 177 AD2d 889; cf., Matter of Washington v Dolce, 208 AD2d 937; Matter of Felder v Kelly, 210 AD2d 78).

In light of the foregoing we need not reach the petitioner's remaining contentions. Joy, J. P., Friedmann, Florio and Luciano, JJ., concur.