■ In the Matter of IAN S. WILSON, Petitioner, v CITY OF WHITE PLAINS et al., Respondents. [716 NYS2d 321] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent City of White Plains Commissioner of Public Safety dated December 26, 1996, which adopted the recommendation of a Hearing Officer, made after a hearing, finding the petitioner guilty of six charges of misconduct and terminating him from his position as a firefighter with the White Plains Fire Department. By decision and judgment of this Court dated March 29, 1999, the petition was granted, the determination was annulled, and the matter was remitted to the respondents for the calculation of back pay and benefits to which the petitioner might be entitled (*see, Matter of Wilson v City of White Plains,* 259 AD2d 756). By order of the Court of Appeals dated May 16, 2000 (95 NY2d 783), the decision and judgment

of this Court was reversed and the matter was remitted to this Court for determination of the issues raised, but not determined, on the appeal to this Court.

Adjudged that the petition is denied and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioner's contention, the involvement in the investigation by the respondent John Dolce, the Public Safety Commissioner of the City of White Plains, did not rise to such a level as to warrant that he disqualify himself from the proceedings (*cf., Matter of Wayering v County of St. Lawrence,* 140 AD2d 838, 840; *Matter of Cafaro v Pedersen,* 123 AD2d 860; *Matter of Hicks v Fortier,* 117 AD2d 930, 931; *Matter of Edgar v Dowling,* 96 AD2d 510, 511).

Further, the punishment of dismissal was not excessive in view of the nature of the petitioner's employment as a firefighter responsible for fire safety (*see, Meades v Spinnato,* 138 AD2d 579, 580). Friedmann, J. P., Florio, Luciano and Schmidt, JJ., concur.