■ In the Matter of ALEXANDER JENNINGS, Respondent, v JEAN LEON, as Executive Director of Kings County Hospital Center, et al., Appellants. [820 NYS2d 83]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Kings County Hospital Center dated February 11, 2003, disapproving the petitioner for employment on the ground that he failed certain pre-employment drug screening tests, the appeal, by permission, is from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated August 5, 2004, as, in effect, vacated the determination and granted the petition to the extent of remitting the matter for a hearing to determine whether the petitioner suffered from a drug-related disability and, if so, could perform the duties of the position he sought.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

Contrary to the petitioner's contention, the pre-employment drug screening which he underwent did not constitute an unreasonable search and seizure or an unconstitutional intrusion on his expectation of privacy. The petitioner possessed a diminished expectation of privacy by reason of the fact that he repeatedly was advised that his appointment was contingent upon a physical evaluation, including drug screening, and his express consent to the screening procedure. Moreover, the appellants had a legitimate and substantial interest in ensuring that the petitioner did not use illegal drugs because he was seeking a position as a security officer for a substance abuse clinic. Additionally, the pre-employment drug screening procedure did not subject the petitioner's rights to the unregulated discretion of the appointing authority. Accordingly, his contention that the drug screening test was unconstitutional is without merit (*see e.g. Matter of Delaraba v Nassau County Police Dept.,* 83 NY2d 367 [1994]; *Matter of Seelig v Koehler,* 76 NY2d 87 [1990], *cert denied* 498 US 847 [1990]; *Matter of McKenzie v Jackson,* 75 NY2d 995 [1990]; *Matter of Caruso v Ward,* 72 NY2d 432 [1988]; *Matter of Longo v Dolce,* 192 AD2d 157 [1993]; *Matter of Dozier v New York City,* 130 AD2d 128 [1987]; *cf. Matter of Patchogue-Medford Congress of Teachers v Board of Educ. of Patchogue-Medford Union Free School Dist.,* 70 NY2d 57 [1987]).

The determination to disapprove the petitioner for employ-

ment was based on his failure of two drug tests, and the petitioner came forward with no evidence contradicting those results. Therefore, the determination was rational and was not arbitrary and capricious (*see e.g. Matter of Stephens v Suffolk County Dept. of Civ. Serv.,* 15 AD3d 589 [2005]).

Finally, the Supreme Court erred in granting the petition to the extent of remitting the matter for a hearing to determine whether the petitioner suffered from a drug-related disability and, if so, could perform the duties of the position he sought. The petitioner did not assert a claim pursuant to the Human Rights Law, and such a claim would be inconsistent with his position throughout this proceeding. Florio, J.P., Krausman, Mastro and Dillon, JJ., concur.