**Martin v New York State Unified Ct. Sys.**

2024 NY Slip Op 30472(U)

February 13, 2024

Supreme Court, New York County

Docket Number: Index No. 161366/2023

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 14

-----------------------------------------------------------------------------------X

SEAN MARTIN,

Petitioner,

- v -

NEW YORK STATE UNIFIED COURT SYSTEM, NEW
YORK STATE OFFICE OF COURT ADMINISTRATION,
JOSEPH A. ZAYAS AS CHIEF ADMINISTRATIVE JUDGE
OF THE NYS COURTS

Respondents.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 161366/2023 |
| **MOTION DATE** | 02/02/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. ARLENE P. BLUTH:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22

were read on this motion to/for _____ ARTICLE 78 _____.

The petition to annul petitioner's disqualification from the New York State Court Officer Trainee Program is denied.

**Background**

Petitioner applied to the New York State Court Officer Trainee program. In 2019, he passed the court officer trainee examination. As part of the hiring process, petitioner was subject to a background check in which he submitted responses to a questionnaire regarding his prior work history, periods of unemployment, and the existence of any disciplinary complaints. After evaluating him, respondent decided not to hire him: that decision is challenged here.

During petitioner's evaluation, he acknowledged that he had at least 7 periods of unemployment, four of which were for extended periods of time. Petitioner also stated that he had a complaint from a previous employer in which he was asked to wear a mask by an employee of a contracted client, to which he responded "let them tell me that," (referring to the

**161366/2023   MARTIN, SEAN vs. NEW YORK STATE UNIFIED COURT SYSTEM ET AL**
**Motion No.  001**

Page 1 of 6

employee's boss) and the client filed a complaint stating the response was aggressive (NYSCEF Doc. No. 15 at 3). Additionally, petitioner admitted that for one job position, he was paid in cash that he never reported on his taxes.

In a follow-up email, the evaluator requested more information regarding petitioner's prior unemployment, the client complaint, and if he was involved in any car accidents. Petitioner responded to the email with detailed answers to each of the evaluator's concerns.

The Office of Court Administration ("OCA") denied petitioner's application due to "Continued off-the-books employment, Poor Work History, Falsification/Untruthfulness," (NYSCEF Doc. No. 2 at 18). Petitioner appealed and explained that any implication he was attempting to conceal income was "a misunderstanding" and "cannot be reconciled with the facts," (NYSCEF Doc. No. 18 at 19). Regarding poor work history, petitioner emphasized that he had "never been terminated from any job in [his] entire life," (*id*. at 20). Petitioner also asserted that he could not elaborate on a defense to untruthfulness as he was "uncertain of the allegations of untruthfulness as they are not listed," (*id*. at 21).

Petitioner's appeal was subsequently denied, stating, "after reviewing your submission, it has been determined that you are not qualified for appointment from this list for the reason[s] set forth in the attached letter to you on 05/09/2023," (NYSCEF Doc. No. 19).

Petitioner now brings this proceeding and contends that the determination by OCA did not adequately explain the reasoning for petitioner's disqualification. Petitioner further argues that the administrative record contains no rational basis of the OCA's determination as petitioner provided reasonable explanations in his appeal for the denial reasons.

In opposition, respondents argue that OCA has discretion to disqualify candidates who do not possess the requisite characteristics essential to the court officer position. Respondents

**161366/2023   MARTIN, SEAN vs. NEW YORK STATE UNIFIED COURT SYSTEM ET AL**        **Page 2 of 6**
  Motion No.  001

2 of 6

contend that petitioner was disqualified from the appointment because of "deficiencies related to his requisite personal characteristics," (NYSCEF Doc. No. 20 at 11). According to respondents, based on this deficiency, OCA properly exercised its discretion to disqualify petitioner. Respondents assert that the disqualification reasons constituted enough information for petitioner to object to his disqualification, and that petitioner's appeal letter demonstrated that petitioner understood the reasons for his disqualification.

In reply, petitioner contends that respondents did not disqualify petitioner based on any of the enumerated reasons contained in the regulation that specifies grounds for disqualification. Petitioner further asserts that the determination was made without regard to the facts, as petitioner provided legitimate reasons for his periods of unemployment and for why he failed to timely file a tax return for cash income. Furthermore, petitioner argues the employer complaint made against him did not result in disciplinary action and should not be part of his court officer trainee eligibility. Finally, petitioner argues that the evaluation report references petitioner's body language and incomplete forms by previous employers. Petitioner asserts neither of these issues were indicated in the disqualification letter as being a reason for petitioner's disqualification.

**Discussion**

In an Article 78 proceeding, "the issue is whether the action taken had a rational basis and was not arbitrary and capricious. An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts. If the determination has a rational basis, it will be sustained, even if a different result would not be unreasonable," (*Matter of Ward v City of Long Beach*, 20 NY3d 1042, 1043, 962 NYS2d 587 [2013]).

**161366/2023   MARTIN, SEAN vs. NEW YORK STATE UNIFIED COURT SYSTEM ET AL**
**Motion No.  001**

**Page 3 of 6**

3 of 6

"The state civil service department and municipal commissions may refuse to examine an applicant, or after examination to certify an eligible (a) who is found to lack any of the established requirements for admission to the examination or for appointment to the position for which he applies. Wide discretion is afforded to civil service commissions in determining the fitness of candidates. The exercise of that discretion is to be sustained unless it has been clearly abused," (*Metzger v. Nassau County Civil Service Com.*, 54 AD2d 565, 566, 386 NYS2d 890 [2d Dept 1976] [internal citations and quotations omitted]).

According to 22 NYCRR § 25.13 (d)(i)-(viii), an applicant may be disqualified for a myriad of reasons, including "intentionally [making] a false statement of any material fact in his or her application…practic[ing], or attempted to practice, any deception of fraud in his or her application…lack[ing] good moral character[.]" Respondents expand on these qualifications via an affidavit by the HR director at OCA and submission of petitioner's evaluation report which measure "responsibility/dependability, honest/truthfulness/integrity/morality, calmness/self-control/self-restraint/poise/self-discipline/ability to act under stress, and emotional maturity/emotional stability" (NYSCEF Doc. No. 11 at 8; NYSCEF Doc. No. 15 at 3-6). In short, OCA possesses broad discretion in disqualification of applicants, and such discretion will be sustained absent a showing of abuse (*see Metzger*, 54 AD2d 565).

Here, the record demonstrates that petitioner received in off-the-books payments for which he never reported on income tax returns (*id*. at 4). That is, petitioner did not accurately account for his earnings. Petitioner's appeal indicated that he *subsequently* filed a tax return soon after his disqualification in an attempt to remedy this issue. However, this type of remedial measure is not a basis upon which this Court can conclude that respondents acted irrationally by disqualifying petitioner in the first instance.

**161366/2023   MARTIN, SEAN vs. NEW YORK STATE UNIFIED COURT SYSTEM ET AL**
**Motion No.  001**

**Page 4 of 6**

4 of 6

[* 4]

In fact, petitioner attempted to justify his error by noting that no income was claimed because "that is not how things are done at the company," and suggested he did not know he had to report this income (*id*.; NYSCEF Doc. No. 18 at 4). Filing an updated tax return did not change the fact that he had not properly reported this extra income. It is not this Court's role to second guess OCA's evaluation of petitioner's failure to report this income. It is wholly rational for OCA to conclude that an applicant who concealed the amount of money he made in a given year is not qualified for the court officer trainee position.

Additionally, the administrative record shows that petitioner's work history was inconsistent. Petitioner was unemployed for sporadic periods of time, including one occasion that lasted at least one year (NYSCEF Doc. No. 18 at 15). Petitioner requested information as to how petitioner supported himself, to which he added that he received help from his parents, unemployment, and savings (NYSCEF Doc. No. 15 at 7). Evidently, OCA found that the inconsistency in petitioner's work history did not suggest that petitioner was a suitable candidate for the position. There is nothing in the record to suggest that OCA acted arbitrarily or capriciously in rendering this decision as the record clearly reflects a work history that is riddled with instances of unemployment. OCA has broad discretion in choosing the most qualified candidates for the court officer trainee position, and there is no indication that this discretion was abused here.

**Summary**

The court officer position requires applicants with the highest integrity. Court officers possess the solemn responsibility of courthouse security; they are entrusted with government

161366/2023   MARTIN, SEAN vs. NEW YORK STATE UNIFIED COURT SYSTEM ET AL
Motion No.  001

Page 5 of 6

5 of 6

issued firearms, assist court employees and the public in cases of emergency, and protect judges. Determining an applicant's moral character is an imperative part of the hiring process as the position can only be entrusted to candidates with integrity, dependability, and maturity. The evaluation process here is meant to measure these exact qualities. Petitioner did not demonstrate that OCA was irrational in its determination, and it is obvious to this Court that OCA relied upon this evaluation process in making its assessment.

In short, OCA is tasked with measuring the character of an applicant to a position within the court system. In order to exercise the extent of this responsibility, OCA must have discretion to render decisions regarding applicants. History cannot be changed; for example, reporting prior income earned only now, to try to clean up a problem, does not change the fact that petitioner failed to report the income when he received it. The administrative record before this Court shows that OCA relied on clear, documented instances of actions and behavior that OCA believed did not correlate with the characteristics of a successful court officer trainee. That petitioner disagrees with that assessment is not a basis for this Court to reverse OCA's determination.

Accordingly, it is hereby

ADJUDGED that the petition is denied and this proceeding is dismissed without costs or disbursements.

2/13/2024
DATE

ARLENE P. BLUTH, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161366/2023  MARTIN, SEAN vs. NEW YORK STATE UNIFIED COURT SYSTEM ET AL**                    Page 6 of 6
**Motion No.  001**

[* 6]