■ In the Matter of IRA WEITZENBERG, Appellant, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Respondents.—In a

proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Civil Service Commission, dated February 1, 1988, which denied his application to take a civil service examination for the position of Office Services Supervisor, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Molloy, J.), entered October 31, 1989, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner in this case applied to take an open competitive examination given by the Nassau County Civil Service Commission for the position of Office Services Supervisor. The minimum qualifications for taking the examination were a Bachelor's Degree and five years of progressively responsible experience in office management, including two years of supervisory work. Work experience could be substituted for education on a year-to-year basis. Since the petitioner only received three years of college credit, he was required to have six years of progressively responsible experience in office management, including two years of supervisory work, in order to take the examination.

The petitioner's application to take the examination was denied by the Civil Service Commission on the ground that he only possessed one and one-half years of the applicable work experience. Since the petitioner claimed to have over six years of applicable work experience, he commenced this proceeding pursuant to CPLR article 78 challenging the Civil Service Commission's determination. The Supreme Court dismissed the petition, finding that the Civil Service Commission's determination had been reasonable and proper. We affirm.

It is the function of the Civil Service Commission to fix fair and reasonable standards for testing the qualifications of applicants for appointment to the civil service (see, Matter of Cowen v Reavy, 283 NY 232). This court will not interfere with the Civil Service Commission's discretion in determining the qualifications of candidates unless the decision is so irrational and arbitrary as to warrant judicial intervention (see, Matter of Kirchgessner v Hurlbut, 81 AD2d 958; Matter of Metzger v Nassau County Civ. Serv. Commn., 54 AD2d 565). In this case, the Civil Service Commission determined that the petitioner's work experience as a bookkeeper and Accounting Assistant II did not meet the requisite office management experience necessary to take the examination for Office Services Supervisor. We find that the Civil Service Commission's determination was supported by substantial evidence and was

not arbitrary, capricious, or an abuse of discretion. Mangano, P. J., Bracken, Kunzeman and Kooper, JJ., concur.