■ In the Matter of CAROL GILMAN, Appellant, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Nassau County Civil Service Commission, dated February 16, 1989, which disqualified the petitioner from taking the examination for the position of Procurement Supervisor, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Morrison, J.), dated January 18, 1990, which confirmed the determination and dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, with costs.

The petitioner was employed by the Nassau County Department of Public Works in the position of Clerk Typist III. The responsibilities for this position included the maintenance of a "running inventory of control of supplies, forms, [and] equipment". The petitioner had also held other positions in which her duties included the ordering of office supplies.

We agree with the Supreme Court that the respondent Nassau County Civil Service Commission did not act arbitrar-

ily or illegally when it determined that the limited experience which the petitioner had obtained in the inventorying or ordering of office supplies in connection with her prior employment was insufficient to qualify her for the position of Procurement Supervisor. That position entails responsibilities which are both wider in range and more complex than those inherent in the essentially clerical position of Clerk Typist III. Since the respondents' determination has a rational basis, the proceeding was properly dismissed (see, e.g., Matter of Canava v Keyes, 62 AD2d 997). Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.