■ In the Matter of TOBE CHOSET et al., Appellants, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Respondents. [604 NYS2d 231] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review determinations of the Nassau County Civil Service Commission, which denied the petitioners' applications to take civil service examinations for the position of Programmer Analyst I, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Becker, J.), dated June 19, 1991, which confirmed the determinations and dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, with costs.

The petitioners in this case applied to take an open competitive examination given by the Nassau County Civil Service Commission for the position of Programmer Analyst I. The minimum qualifications for taking the examination were, in relevant part, a Bachelor's Degree and "[f]ive years of satisfactory, paid, experience programming for computers, including three years of system analysis and design for a large, integrated data processing environment". The petitioners' applications to take the examination were denied by the Nassau County Civil Service Commission on the ground that their prior experience as Programmer I, Programmer II, and Programmer Analyst Trainees was not acceptable as experience in system analysis and design work. Although the typical duties for Programmer I, Programmer II, and Programmer Analyst Trainee did not include system analysis and design work, the petitioners claimed they had such experience, and commenced this proceeding pursuant to CPLR article 78 challenging the determinations. The Supreme Court dismissed the proceeding, finding that the determinations were reasonable and proper. We affirm.

It is the function of the Nassau County Civil Service Com-

mission to fix fair and reasonable standards for testing the qualifications of applicants for appointment to civil service. This Court will not interfere with the discretion of the Nassau County Civil Service Commission in determining the qualifications of candidates unless the decision is irrational and arbitrary so as to warrant judicial intervention (see, *Matter of Weitzenberg v Nassau County Civ. Serv. Commn.*, 172 AD2d 613; see, *Matter of Metzger v Nassau County Civ. Serv. Commn.*, 54 AD2d 565). In this case, the determinations that the petitioners did not meet the minimum qualifications to take the examination were not arbitrary and capricious, or an abuse of discretion. Rosenblatt, J. P., Miller, Lawrence and Pizzuto, JJ., concur.