■ In the Matter of ROSEMARY BELL et al., Appellants, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Respondents. [609 NYS2d 669] —In a proceeding pursuant to CPLR article 78 to review several determinations of the respondent Nassau County Civil Service Commission, dated January 18 and 19, 1990, which determined that the petitioners were not qualified to be considered for appointment to the positions of Systems Programmer Intern and Programmer Analyst Intern because they lacked the required programming experience, petitioners appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (McCaffrey, J.) dated March 19, 1992, which upon reargument, granted the respondents' motion for summary judgment dismissing the petition.

Ordered that the order and judgment is affirmed, with costs.

This article 78 proceeding was commenced by the petitioners, who are employed by Nassau County as Programmers I and II. They contest the determinations of the Nassau County Civil Service Commission (hereinafter the Commission) that they are not qualified to be considered for appointment to the positions of Systems Programmer Intern and Programmer Analyst Intern.

In the announcements for those positions, the Commission stated that an individual must possess either four or six years of "satisfactory, paid experience programming for computers," depending upon whether the applicant had an associate's degree or a bachelor's degree. The Commission rejected the applications of each of the petitioners on the ground that the experience that they had gained as Programmer Analyst Trainees could not be used to satisfy the minimum qualifications for the positions of Systems Programmer Intern and Programmer Analyst Intern. The petitioners contend that they have gained sufficient programming experience in their current job titles to qualify for those positions.

Following the commencement of this proceeding, the respondents moved for summary judgment. The Supreme Court granted the motion finding that the Commission's determination was not arbitrary or capricious. We affirm.

It is the function of the Civil Service Commission to fix fair and reasonable standards for testing the qualifications of applicants for appointment to the civil service (see, Matter of Weitzenberg v Nassau County Civ. Serv. Commn., 172 AD2d 613; Matter of Cowen v Reavy, 283 NY 232). This Court will not interfere with the Civil Service Commission's discretion in determining the qualifications of candidates unless the decision is so irrational and arbitrary that it warrants judicial intervention (see, Matter of Weitzenberg v Nassau County Civ. Serv. Commn., supra, at 614; Matter of Kirchgessner v Hurlbut, 81 AD2d 958).

In this case, the Commission determined that the petitioners' experience in the title of Programmer Analyst Trainee was not sufficient to qualify them to be considered for appointment to the positions of Systems Programmer Intern and Programmer Analyst Intern. We find that the Commission's determination is neither arbitrary and capricious, nor an abuse of discretion (see, CPLR 7803 [3]).

The petitioners' remaining contentions are without merit. Lawrence, J. P., Joy, Friedmann and Krausman, JJ., concur.