■ In the Matter of FRANK RESSA, Respondent, v COUNTY OF NASSAU et al., Appellants. [638 NYS2d 158] —In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Civil Service Commission dated August 16, 1994, which disqualified the petitioner from eligibility for the position of police officer, the appeal is from a judgment of the Supreme Court, Nassau County (Adams, J.), dated December 12, 1994, which granted the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The Nassau County Civil Service Commission is afforded wide discretion in determining the fitness of candidates for appointment. Such discretion is particularly necessary in hiring police officers, to whom higher standards of fitness and character may be applied (see, Matter of Havern v Senko, 210 AD2d 480). This Court will not interfere with the discretion of the Nassau County Civil Service Commission in determining the qualifications of candidates for police officer unless the decision is irrational and arbitrary so as to warrant judicial intervention (see, Matter of Havern v Senko, supra; Matter of Shedlock v Connelie, 66 AD2d 433, affd 48 NY2d 943; Matter of Metzger v Nassau County Civ. Serv. Commn., 54 AD2d 565). The petitioner's failure to pass the physical fitness screening test supports the determination of the Nassau County Civil Service Commission in this case. Balletta, J. P., O'Brien, Ritter, Pizzuto and Altman, JJ., concur.