In the Matter of MICHAEL F.X. CONLON, Respondent, v COMMISSIONER OF CIVIL SERVICE OF THE COUNTY OF SUFFOLK et al., Appellants. [640 NYS2d 145]

It is well settled that the standard of review of an administrative determination is whether there is a rational basis to support the determination (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *Colton v Berman,* 21 NY2d 322). In determining the fitness of candidates for appointment, the Suffolk County Civil Service Commission is afforded wide discretion (*see, Matter of Havern v Senko,* 210 AD2d 480; *Matter of Metzger v Nassau County Civ. Serv. Commn.,* 54 AD2d 565). Such discretion is particularly wide in the hiring of law enforcement officers, to whom high standards may be applied (*see, Havern v Senko, supra*). As long as the administrative determination is not irrational and arbitrary, this Court will not interfere with that determination (*see, Matter of Choset v Nassau County Civ. Serv. Commn.,* 199 AD2d 264; *Matter of Metzger v Nassau County Civ. Serv. Commn.,* 54 AD2d 565, *supra*).

We find that the Commissioner of Civil Service of the County of Suffolk (hereinafter the Commissioner) had a rational basis to find the petitioner unqualified to serve as a District Attorney Investigator. The petitioner's repeated poor results on the standardized Minnesota Multiphasic Personality Inventory (hereinafter MMPI) exam, his repeated attempts to circumvent the Civil Service's procedures for qualification, and his failure of the required eye examination supports the Commissioner's determination. Although the appellant's psychologists inaccurately reported certain facts regarding the petitioner's background, it is apparent that the Office of Employee Medical Review Committee (hereinafter the Committee) placed little to no weight upon these reports in rendering its final recommendation. Rather the Committee conducted its own evaluation and relied upon its own findings and the results of the standardized MMPI exam in making its recommendation. This evaluation was neither irrational nor arbitrary. Accordingly, the petitioner's name shall not be restored to the eligible list for the position of District Attorney Investigator. Miller, J. P., Hart, Friedmann and Florio, JJ., concur.