■ Robert Petrelli, Respondent-Appellant, v Nassau County Civil Service Commission et al., Appellants-Respondents. [643 NYS2d 215] —In an action, *inter alia,* for a judgment declaring that Civil Service Law § 58 (1) (former [a]) unlawfully discriminated against the plaintiff, a candidate for appointment to a position as a police officer, on the basis of his age, the defendants appeal from an order of the Supreme Court, Nassau County (Goldstein, J.), dated April 3, 1995, which directed that the plaintiff be included in the next police academy class comprised of candidates from the eligible list established as a result of the December 12, 1987, examination, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as directed him to undergo a physical fitness screening test prior to appointment.

Ordered that the order is affirmed, with costs to the plaintiff.

On July 6, 1994, Civil Service Law § 58 (1) (a), which had prohibited the appointment of individuals over the age of 29 as police officers, was amended by abolishing the age restriction (L 1994, ch 278). The act specified that it was to take effect immediately, and the bill jacket prepared in connection with the amendment indicated that it was to apply to "all eligible lists which have not expired" (Mem of Assembly, Bill Jacket, L 1994, ch 278).

Whether or not a statute is to be applied retroactively generally requires a determination of legislative intent (*see, Matter of Duell v Condon,* 84 NY2d 773, 783; *Longines-Wittnauer Watch Co. v Barnes & Reinecke,* 15 NY2d 443, 453). Contrary to the defendants' contention, we agree with the Supreme

Court's conclusion that the legislative history surrounding the amendment of Civil Service Law § 58 (1) (a) demonstrates an unequivocal intent to retroactively benefit candidates on existing eligible lists who would have been barred from appointment prior to the amendment because they were over the age of 29. Indeed, a legislative memorandum specifically notes that the amendment was intended to allow "those candidates who had taken an examination and were precluded from consideration for appointment under the previous age limits to be placed on an eligible list if it * * * is still viable" (Mem of Senator Caesar Trunzo on Amended Bill [S 7694-B], L 1994, ch 278).

Although the defendants contend that the plaintiff should nevertheless be excluded from consideration because he was already over the age of 29 and thus ineligible for appointment when he sat for the Nassau County police officer examination in 1987, we note that the plaintiff was permitted to take that examination by court order and that the defendants never perfected an appeal from the order permitting the plaintiff to take the 1987 examination. Moreover, it is undisputed that the defendants appointed candidates from the eligible list established as a result of the 1987 examination subsequent to the amendment of Civil Service Law § 58 (1) (a). Under these circumstances, the plaintiff should not be barred from appointment solely because of his age.

However, inasmuch as the Nassau County Civil Service Commission is afforded wide discretion in determining the fitness of candidates for appointment (*see, Matter of Havern v Senko,* 210 AD2d 480; *Matter of Metzger v Nassau County Civ. Serv. Commn.,* 54 AD2d 565) and has concluded that the results of the physical fitness screening test which the plaintiff passed in December 1991 are stale, the Supreme Court appropriately directed the plaintiff to repeat the test prior to appointment. Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.