■ MERRYL KIHL, Appellant, v KARL O. PFEFFER et al., Defendants, and HONDA MOTOR CO., INC., Respondent. [682 NYS2d 462] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Winick, J.), dated October 20, 1997, which denied her motion, *inter alia,* to determine that she was not in default in serving answers to interrogatories as required by a conditional order of the same court (Kutner, J.), dated March 31, 1997, or, alternatively, to vacate any such default by her, (2) an order of the same court, dated February 9, 1998, which, *inter alia,* granted the motion of the defendant Honda Motor Co., Inc., pursuant to CPLR 3126 to strike the complaint insofar as asserted against it for failure to comply with the conditional order and severed the action against the remaining defendants, and (3) a judgment of the same court, entered October 26, 1998, upon the order.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the the respondent is awarded one bill of costs.

The appeal from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the orders are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

A properly-executed affidavit of service raises a presumption that a proper mailing occurred (*see, Engel v Lichterman,* 62 NY2d 943; *St. Clare's Hosp. v Allcity Ins. Co.,* 201 AD2d 718, 719). The mere denial by the plaintiff's attorney of receipt of the conditional order of preclusion served upon him by the attorney for the defendant Honda Motor Co., Inc., does not suffice to overcome the presumption of delivery and trigger the need for a hearing (*see, Engel v Lichterman, supra*; *Facey v Heyward,* 244 AD2d 452; *St. Clare's Hosp. v Allcity Ins. Co., supra*). Accordingly, the Supreme Court properly denied vacatur of the plaintiff's default in timely serving interrogatories and granted the motion of Honda Motor Co., Inc., to strike the complaint insofar as asserted against it. Thompson, McGinity and Luciano, JJ., concur.

Miller, J. P., concurs in part and dissents in part and votes to dismiss the appeals from the orders pursuant to *Matter of Aho* (39 NY2d 241, 248), to reverse the judgment appealed from, to thereupon vacate the orders, and to remit the matter to the Supreme Court, Nassau County, for further proceedings,

with the following memorandum in which Pizzuto, J. concurs: Ordinarily, as the majority correctly notes, a properly-executed affidavit of service raises a presumption that proper mailing occurred (*see, Engel v Lichterman,* 62 NY2d 943; *St. Clare's Hosp. v Allcity Ins. Co.,* 201 AD2d 718, 719). However, in the present case, the affidavits submitted on behalf of the plaintiff were sufficient to overcome that presumption and create a question of fact, the resolution of which requires a hearing (*see, Vita v Heller,* 97 AD2d 464; *Sport-O-Rama Health & Fitness Ctr. v Centennial Leasing Corp.,* 100 AD2d 584).