■ In the Matter of SETH NEEDLEMAN et al., Appellants, v COUNTY OF ROCKLAND et al., Respondents. [704 NYS2d 887] —In a proceeding pursuant to CPLR article 78 to review separate determinations of the Commissioner of Personnel of the County of Rockland which disqualified the petitioners from appointment to the position of Patrol Officer in the Rockland County Sheriff's Department, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Rockland County (Weiner, J.), dated December 11, 1998, which denied the petition, granted the respondents' cross motion to dismiss the proceeding, and dismissed the proceeding.

Ordered that the appeal by the petitioners Seth Needleman and David Oliver is dismissed as abandoned; and it is further,

Ordered that on the appeal of the petitioner Donna Russo, the order and judgment is affirmed insofar as reviewed, with costs.

The petitioner Donna Russo contends that the respondents improperly disqualified her from appointment to the position of Patrol Officer in the Rockland County Sheriff's Department. We disagree. An appointing authority has wide discretion in determining the fitness of candidates. That discretion is particularly broad in the hiring of persons for positions in law enforcement, to whom high standards may be applied (*see, Matter of Conlon v Commissioner of Civ. Serv. of County of Suffolk*, 225 AD2d 766; *Matter of Havern v Senko*, 210 AD2d 480; *Matter of Metzger v Nassau County Civ. Serv. Commn.*, 54 AD2d 565). The courts will not interfere with the discretion of the appointing authority to determine the qualifications of candidates unless the determination warrants judicial intervention on the ground that it is irrational and arbitrary (*see, Matter of Conlon v Commissioner of Civ. Serv. of County of Suffolk, supra*; *Matter of Havern v Senko, supra*; *Matter of Bell v Nassau County Civ. Serv. Commn.*, 203 AD2d 285). Contrary to Russo's contention, the respondents did not act irrationally or arbitrarily in relying upon the evaluations of two independent psychologists, who used objective tests, to determine that she was not qualified for the position of Patrol Officer (*see, Matter of Golimowski v Bellamy*, 244 AD2d 1001; *Matter of Conlon v Commissioner of Civ. Serv. of County of Suffolk, supra*). Accordingly, the Supreme Court properly denied Russo's application.

Russo's remaining contentions are without merit. S. Miller, J. P., Krausman, Florio and H. Miller, JJ., concur.