■ In the Matter of MICHAEL MOST, Appellant, v ARTHUR MORRISON, Respondent. [720 NYS2d 551] —In a proceeding, in effect, pursuant to CPLR article 52 to enforce a judgment of the Supreme Court, Nassau County, entered March 12, 1991, the petitioner appeals, as limited by his brief, from so much of an

order of the Supreme Court, Westchester County (Cowhey, J.), entered January 19, 2000, as denied his motion to hold the respondent in contempt of court based upon his failure to comply with so much of a prior order of the same court (Lefkowitz, J.), entered May 13, 1997, as directed him to make installment payments in satisfaction of the underlying judgment and, in effect, vacated that portion of the order.

Ordered that the order entered January 19, 2000, is reversed insofar as appealed from, on the law, with costs, that portion of the order entered May 13, 1997, which directed the respondent to make installment payments in satisfaction of the underlying judgment is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for a hearing to determine whether the respondent is guilty of contempt.

On March 12, 1991, a judgment was entered in favor of the petitioner and against the respondent in the amount of $24,337.25. The petitioner commenced this proceeding in 1996, in effect, pursuant to CPLR article 52 to enforce the judgment. By order dated May 12, 1997 (hereinafter the installment payment order), the respondent was directed to pay the petitioner $1,000 per month until the judgment was satisfied.

In January 1999 the petitioner moved to hold the respondent in contempt based upon his failure to make any of the required installment payments. The Supreme Court denied the motion, upon determining that the installment payment order was unenforceable because the respondent was not served with a copy of that order with notice of entry within 20 days of its issuance.

The Supreme Court erred in concluding that the respondent had not been served with a copy of the installment payment order with notice of entry since the record demonstrates that service of those papers was properly effected. The petitioner's attorney affirmed that he mailed a copy of the order with notice of entry to the respondent eight days after it was issued. Two affirmations of service by mail dated May 20, 1997, substantiate the assertion of the petitioner's attorney. Under these circumstances, there is a presumption that the respondent was properly served, and there is no evidence in the record to overcome the presumption (*see, Engel v Lichterman,* 95 AD2d 536, 539, *affd* 62 NY2d 943; *see, Kihl v Pfeffer,* 256 AD2d 555, *affd* 94 NY2d 118; *Flushing Natl. Bank v Rich-Haven Motor Sales,* 123 AD2d 663). The Supreme Court therefore erred in denying the petitioner's motion on the ground that the installment payment order was unenforceable (*see, Yeshiva Tifferes Torah v Kesher Intl. Trading Corp.,* 246 AD2d 538). Accord-

ingly, the matter is remitted to the Supreme Court, Westchester County, for a hearing to determine whether the respondent is guilty of contempt. Ritter, J. P., Altman, H. Miller and Schmidt, JJ., concur.