■ CYRIL N. KENDALL, Appellant, v AGNIS KELLY et al., Respondents. [723 NYS2d 893] —In an action to recover damages for breach of contract, libel, and slander, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Milano, J.), dated September 11, 2000, as denied his motion for leave to enter a judgment pursuant to CPLR 3215 (a) upon the defendants' default in appearing.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff moved, *pro se,* for leave to enter a default judgment against the defendants pursuant to CPLR 3215 (a) on the ground that they had not served an answer. The defendants submitted a properly-executed affidavit of service, which raised a presumption that the answer was properly mailed 20 days after service of the summons and complaint (*see, Kihl v Pfeffer,* 94 NY2d 118; *Engel v Lichterman,* 62 NY2d 943; *Matter of Most v Morrison,* 280 AD2d 603; *St. Clare's Hosp. v Allcity Ins. Co.,* 201 AD2d 718, 719). The mere denial by the *pro se* plaintiff of receipt of the answer did not overcome the presumption that

a proper mailing had occurred and trigger the need for a hearing (*see, Kihl v Pfeffer, supra; Engel v Lichterman, supra; Wieck v Halpern,* 255 AD2d 438; *Facey v Heyward,* 244 AD2d 452; *Flushing Natl. Bank v Rich-Haven Motor Sales,* 123 AD2d 663). O'Brien, J. P., Friedmann, Goldstein and Smith, JJ., concur.