■ In the Matter of MICHAEL RYFF, Appellant, v WESTCHESTER COUNTY PERSONNEL OFFICE et al., Respondents. [732 NYS2d 65] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Westchester County Personnel Office, dated March 14, 2000, which removed the petitioner from the police officer civil service eligible list, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Barone, J.), entered December 6, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly denied the petitioner's request for copies of reports concerning the investigation which resulted in his previous termination from his position as a probationary police officer for the Westchester County Department of Public Safety (*see, Matter of Grossman v McMahon,* 261 AD2d 54). Moreover, judicial intervention is not warranted. The determination to remove the petitioner's name from the police officer civil service eligible list after affording him an opportunity to submit written opposition to the disqualification pursuant to Civil Service Law § 50 (4) (e) was neither irrational nor arbitrary (*see, Matter of Needleman v County of Rockland,* 270 AD2d 423; *Matter of Ressa v County of Nassau,* 224 AD2d 534; *Matter of Metzger v Nassau County Civ. Serv. Commn.,* 54 AD2d 565). Krausman, J. P., McGinity, H. Miller and Smith, JJ., concur.