■ In the Matter of ROBERT BRUEN et al., Appellants, et al., Petitioners, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Respondents. [741 NYS2d 718] —In a proceeding, inter alia, pursuant to CPLR article 78 to review determinations of the respondent Nassau County Civil Service Commission, dated May 14, 1999, May 17, 1999, May 19, 1999, and May 21, 1999, respectively, finding that the petitioners were not qualified to be considered for appointment to the positions of Assistant Superintendent and Superintendent of Sanitation Division—Administration, the petitioners Robert Bruen, August Eberling, James Gallagher, Walter Henneberger, Richard Kramer, Jerome McMonagle, and Edward Visone appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Ort, J.), entered November 13, 2000, as denied the petition and dismissed the proceeding insofar as asserted by them.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

This CPLR article 78 proceeding was commenced by the petitioners, who are engineers employed by the Nassau County Department of Public Works in various titles. All of the petitioners, except Thomas Immerso and James Giblin, contest the determinations of the Nassau County Civil Service Commission (hereinafter the Commission) that they are not qualified to be considered for appointment to the positions of Assistant Superintendent and Superintendent of Sanitation Division—Administration.

"It is the function of the [Nassau County] Civil Service Commission to fix fair and reasonable standards for testing the qualifications of applicants for appointment to civil service" (*Matter of Bell v Nassau County Civ. Serv. Commn.*, 203 AD2d 285, 286; *see, Matter of Choset v Nassau County Civ. Serv. Commn.*, 199 AD2d 264, 265; *Matter of Weitzenberg v Nassau County Civ. Serv. Commn.*, 172 AD2d 613, 614). As such, the Commission is afforded wide discretion in determining the fitness of candidates for appointment (*see Petrelli v Nassau County Civ. Serv. Commn.*, 227 AD2d 604, 605; *Matter of Ressa v County of Nassau*, 224 AD2d 534; *Matter of Havern v Senko*, 210 AD2d 480, 481). This Court will not interfere with the discretion of the Commission in determining the qualifications of candidates unless the decision is irrational and arbitrary (*see Matter of Needleman v County of Rockland*, 270 AD2d 423, 424; *Matter of Conlon v Commissioner of Civ. Serv. of County*

*of Suffolk,* 225 AD2d 766, 767; *Matter of Choset v Nassau County Civ. Serv. Commn., supra*).

In this case, the Commission determined that the experience the appellants gained in the titles of Civil Engineer II, Civil Engineer III, and Storm Water Basin Supervisor did not include administrative experience and hence could not be used to qualify them to be considered for appointment to the positions of Assistant Superintendent and Superintendent of Sanitation—Administration. The Commission's determination has a rational basis and is neither arbitrary and capricious, nor an abuse of discretion (*see Matter of Bell v Nassau County Civ. Serv. Commn., supra*; *Matter of Choset v Nassau County Civ. Serv. Commn., supra*; *Matter of Gilman v Nassau County Civ. Serv. Commn.,* 174 AD2d 668; *Matter of Weitzenberg v Nassau County Civ. Serv. Commn., supra*). Ritter, J.P., Altman, Adams and Crane, JJ., concur.