■ In the Matter of RICHARD MARK, Appellant, v ALAN SCHNEIDER et al., Respondents. [759 NYS2d 884] —In a proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County Department of Civil Service/Human Resources, dated July 3, 2001, eliminating the petitioner from further consideration for appointment as a police officer, the petitioner appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Underwood, J.), dated April 18, 2002, as confirmed the determination and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

An appointing authority has wide discretion in determining the fitness of candidates (*see Matter of Needleman v County of Rockland,* 270 AD2d 423 [2000]; *Matter of Havern v Senko,* 210 AD2d 480 [1994]; *Matter of Metzger v Nassau County Civ. Serv. Commn.,* 54 AD2d 565 [1976]). Such discretion is particularly broad in the hiring of law enforcement officers, to whom high standards may be applied (*see Matter of Havern v Senko, supra*). As long as the administrative determination is not irrational or arbitrary, this Court will not interfere with that determination (*see Matter of Choset v Nassau County Civ. Serv. Commn.,* 199 AD2d 264 [1993]; *Matter of Metzger v Nassau County Civ. Serv. Commn., supra*).

Contrary to the petitioner's contention, the respondents did not act irrationally or arbitrarily in deciding to eliminate him from further consideration for appointment as a police officer based on his failure to pass a polygraph examination (*see Matter of Needleman v County of Rockland, supra*; *Matter of Conlon v Commissioner of Civ. Serv. of County of Suffolk,* 225 AD2d 766 [1996]; *Matter of Brussel v LoGrande,* 137 AD2d 686 [1988]). The opinion of the petitioner's expert polygraph examiner that the exam was tainted or incorrectly administered was speculative and conclusory, and was "devoid of any reference to a foundational scientific basis" (*Romano v Stanley,* 90 NY2d 444, 452 [1997]; *Clarke v Helene Curtis, Inc.,* 293 AD2d 701 [2002]).

The petitioner's remaining contentions are without merit. Florio, J.P., Krausman, Goldstein and Townes, JJ., concur.