In the Matter of JOHN VERME, Appellant, v SUFFOLK COUNTY DEPARTMENT OF CIVIL SERVICE et al., Respondents. [773 NYS2d 106]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County Department of Civil Service, dated March 6, 2002, finding the petitioner not qualified to serve in the position of Suffolk County Park Police Officer, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Baisley, J.), dated November 25, 2002, which, inter alia, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

An appointing authority has wide discretion in determining the fitness of candidates (*see Matter of Needleman v County of Rockland,* 270 AD2d 423, 424 [2000]; *Matter of Havern v Senko,* 210 AD2d 480, 481 [1994]; *Matter of Metzger v Nassau County Civ. Serv. Commn.,* 54 AD2d 565, 566 [1976]). This discretion is particularly broad in the hiring of law enforcement officers, to whom high standards may be applied (*see Matter of Conlon v Commissioner of Civ. Serv. of County of Suffolk,* 225 AD2d 766, 767 [1996]; *Matter of Havern v Senko, supra).* As long as the

administrative determination is not irrational or arbitrary, this Court will not interfere with it (*see Matter of Mark v Schneider,* 305 AD2d 685, 686 [2003]; *Matter of Choset v Nassau County Civ. Serv. Commn.,* 199 AD2d 264, 265 [1993]).

Contrary to the petitioner's contention, his habitual use of alcohol, his past use of illegal substances, his admission to having driven under the influence of alcohol on four occasions in the prior 12 months, and his questionable veracity, refute his claim that the respondents' determination was irrational or arbitrary (*see Matter of Conlon v Commissioner of Civ. Serv. of County of Suffolk, supra; Matter of Havern v Senko, supra; Matter of Metzger v Nassau County Civ. Serv. Commn., supra*).

The petitioner's claim that the respondents violated his rights under Executive Law § 292 (21) and § 296 (1) (a) is without merit (*see Matter of Curcio v Nassau County Civ. Serv. Commn.,* 220 AD2d 412, 413 [1995]; *Matter of Seitz v Suffolk County Dept. of Civ. Serv.,* 146 AD2d 631, 632 [1989]; *cf. Matter of Daubman v Nassau County Civ. Serv. Commn.,* 195 AD2d 602, 603 [1993]).

The petitioner's remaining contentions either are unpreserved for appellate review or without merit. Ritter, J.P., Santucci, Adams and Crane, JJ., concur.