■ In the Matter of JOANNE STEPHENS, Appellant, v SUFFOLK COUNTY DEPARTMENT OF CIVIL SERVICE et al., Respondents. [789 NYS2d 740]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County Department of Civil Service, dated May 16, 2003, which disqualified the petitioner from eligibility for the position of police officer in the County of Suffolk, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Klein, J.), dated October 8, 2003, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner applied for the position of police officer in the County of Suffolk. She provided a urine sample for drug screening in connection with her qualification tests for appointment. She tested positive for barbiturates, a controlled substance. The petitioner was disqualified from eligibility for the position by the Suffolk County Department of Civil Service. She commenced this proceeding pursuant to CPLR article 78 to review the determination disqualifying her from eligibility. The Supreme Court denied the petition and dismissed the proceeding. We affirm.

The Suffolk County Department of Civil Service is afforded wide discretion in determining the fitness of candidates for ap-

pointment. "Such discretion is particularly necessary in hiring police officers, to whom higher standards of fitness and character may be applied" (*Matter of Havern v Senko,* 210 AD2d 480, 481 [1994]). As long as the administrative determination is not irrational or arbitrary, this Court will not interfere with it (*see Matter of Verme v Suffolk County Dept. of Civ. Serv.,* 5 AD3d 498 [2004]; *Matter of Havern v Senko, supra*). The petitioner's failure to pass the qualifying medical examination supports the determination of the Suffolk County Department of Civil Service (*see Matter of Verme v Suffolk County Dept. of Civ. Serv., supra,* at 499; *Matter of Ressa v County of Nassau,* 224 AD2d 534 [1996]).

The petitioner's claim that the respondents violated her right of appeal under the Suffolk County Department of Civil Service Rules is without merit. S. Miller, J.P., Ritter, Crane and Fisher, JJ., concur.