■ In the Matter of HAROLD VILLONE, Respondent, v NASSAU COUNTY CIVIL SERVICE COMMISSION, Appellant. [792 NYS2d 136]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Civil Service Commission, dated August 7, 2002, which found that the petitioner was not

qualified for the position of Head Custodian II of the Island Trees Union Free School District, the Nassau County Civil Service Commission appeals from a judgment of the Supreme Court, Nassau County (O'Connell, J.), dated August 12, 2003, which granted the petition and, in effect, annulled the determination.

Ordered that the judgment is affirmed, with costs.

This proceeding was commenced when the Nassau County Civil Service Commission (hereinafter the Commission) determined that the petitioner was not qualified for the position of Head Custodian II of the Island Trees Union Free School District (hereinafter the District) on the ground that he lacked the requisite experience to qualify for that position.

" 'It is the function of the [Nassau County] Civil Service Commission to fix fair and reasonable standards for testing the qualifications of applicants for appointment to civil service' " (*Matter of Bruen v Nassau County Civ. Serv. Commn.*, 294 AD2d 361 [2002], quoting *Matter of Bell v Nassau County Civ. Serv. Commn.*, 203 AD2d 285, 286 [1994]). As such, the Commission is afforded wide discretion in determining the fitness of candidates for appointment (*see Petrelli v Nassau County Civ. Serv. Commn.*, 227 AD2d 604, 605 [1996]; *Matter of Ressa v County of Nassau*, 224 AD2d 534 [1996]). This Court will not interfere with the discretion of the Commission in determining the qualifications of candidates unless the decision was irrational and arbitrary (*see Thorsen v Nassau County Civ. Serv. Commn.*, 300 AD2d 405 [2002]; *Matter of Needleman v County of Rockland*, 270 AD2d 423, 424 [2000]).

We agree with the Supreme Court that the Commission failed to set forth a rational basis for its determination that the petitioner lacked the requisite experience to qualify for the position of Head Custodian II. The Commission determined that the petitioner should not be credited with certain experience he gained in a prior position, which it alleged was gained in violation of applicable civil service law. Even excluding that experience, the proof clearly established that the petitioner had one year of experience in a position which, by the Commission's own rules, entailed supervision of unskilled or semi-skilled personnel, and had three years of experience in building maintenance and cleaning, to wit, the minimal qualifications required to take the competitive exam for the position of Head Custodian II. Accordingly, the Supreme Court properly granted the petition and, in effect, annulled the determination. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.