■ ANEELA WASIF et al., Appellants, v NAWAZ KHAN, Respondent. [827 NYS2d 283]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.) dated February 17, 2006, as denied their motion pursuant to CPLR 3126 and 3215 to strike the defendant's answer to the amended complaint and for leave to enter judgment on the issue of liability upon the defendant's default in complying with discovery demands and answering the amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant submitted properly-executed affidavits of service which raised a presumption that the answer to the amended complaint and responses to the discovery demands were timely served pursuant to the compliance conference order dated October 6, 2005 (see *Kihl v Pfeffer,* 94 NY2d 118, 122 [1999]; *Engel v Lichterman,* 62 NY2d 943, 944-945 [1984]; *Kendall v Kelly,* 283 AD2d 401 [2001]). The mere denial of receipt of these papers by the plaintiffs' attorney was insufficient to overcome the presumption of a proper mailing and receipt (see *Sarva v Chakravorty,* 14 AD3d 689 [2005]; *Matter of Most v Morrison,* 280 AD2d 603 [2001]). Furthermore, the plaintiffs failed to demonstrate that the defendant wilfully and contumaciously failed to respond to discovery demands or to substantially comply with prior court orders (see *Faulkner v City of New York,* 32 AD3d 452 [2006]; *Kuzmin v Visiting Nurse Serv. of N.Y.,* 22 AD3d 643, 643-644 [2005]; *Pascarelli v City of New York,* 16 AD3d 472, 472-473 [2005]). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion.

We decline the defendant's request to impose a sanction upon the plaintiffs for pursuing an allegedly frivolous appeal (see 22 NYCRR 130-1.1).

Motion by the appellants on an appeal from an order of the Supreme Court, Kings County, dated February 17, 2006, inter alia, to strike stated portions of the respondent's brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated September 22, 2006, that branch of the motion which is to strike stated portions of the respondent's brief on the ground that they refer to matter dehors the record was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is to strike stated portions of the respondent's brief on the ground that they refer to matter dehors the record is granted, and those portions of the respondent's brief referring to matter dehors the record which are listed as items ''(a)'' through ''(h)'' in paragraph 16 of the affirmation in support of the motion by Avraham Goldberg dated August 31, 2006, are deemed stricken and have not been considered on appeal. Miller, J.P., Spolzino, Krausman, Fisher and Dillon, JJ., concur.