■ In the Matter of Thomas J. Mullen, Appellant, v County of Suffolk et al., Respondents. [841 NYS2d 648]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the County of Suffolk Police Department dated October 1, 2003, removing the petitioner from further consideration for employment with the Ocean Beach Police Department, the appeal is from (1) an order of the Supreme Court, Suffolk County (Jones, J.), dated January 23, 2006, which denied, as academic, the petitioner's motion to strike, among other things, certain portions of an affidavit of the respondent Donald Montgomery dated September 30, 2005, submitted in response to the petition, and (2) a judgment of the same court entered January 25, 2006, which, among other things, denied the petition and dismissed the proceeding.

Ordered that the appeal from the order is dismissed, as no appeal lies as of right from an order in a proceeding pursuant to CPLR article 78 (*see* CPLR 5701 [b]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The petitioner was a candidate to become a police officer in the Ocean Beach Police Department. In order to qualify for the position, he had to pass a polygraph examination. Because the respondents determined that the results of his polygraph examination indicated that the petitioner was deceptive in his response to questioning concerning his involvement with illegal drugs and narcotics, the respondents disqualified him from further consideration for employment as a police officer.

The petitioner challenged the determination in a proceeding pursuant to CPLR article 78. The Supreme Court denied the petition and dismissed the proceeding. On appeal, this Court modified the judgment, granted that branch of the petition which was to annul the determination, and remitted the matter to the respondents for completion of the administrative appeal process by forwarding the petitioner's polygraph results to an independent police unit for verification (see Matter of Mullen v County of Suffolk Police Dept., 307 AD2d 1036 [2003]).

The petitioner's polygraph test results were submitted to the Vermont State Police for verification. The independent review confirmed that the petitioner was deceptive in his response to questioning concerning his involvement with illegal drugs and narcotics. Thereafter, the respondents notified him by letter dated October 1, 2003, that he was disqualified from further employment consideration. As a result, the petitioner commenced this proceeding pursuant to CPLR article 78. In opposition to the petition, the respondents submitted the respondent Donald Montgomery's affidavit dated September 30, 2005. The petitioner moved, inter alia, to strike certain portions of the affidavit because Montgomery referred to a March 1, 2004 review of the petitioner's polygraph test results by a second independent agency. This motion was denied in an order dated January 23, 2006.

The respondents did not act irrationally or arbitrarily in relying on the results of their own polygraph test as well as the review conducted by the Vermont State Police to determine that the petitioner was not an appropriate candidate to be a law enforcement officer. "An appointing authority has wide discretion in determining the fitness of candidates . . . This discretion is particularly broad in the hiring of law enforcement officers, to whom high standards may be applied . . . As long as the administrative determination is not irrational or arbitrary, this Court will not interfere with it" (Matter of Verme v Suffolk County Dept. of Civ. Serv., 5 AD3d 498, 499 [2004] [citations omitted]; see Matter of Mark v Schneider, 305 AD2d 685, 686 [2003]; Matter of Needleman v County of Rockland, 270 AD2d 423, 424 [2000]).

Further, the petitioner failed to demonstrate his entitlement to a name-clearing hearing (see Matter of Swinton v Safir, 93 NY2d 758, 763 [1999]; Matter of Rivera v Department of Educ., City of N.Y., 25 AD3d 559, 560 [2006]; Matter of Cardo v Murphy, 104 AD2d 884, 885 [1984]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.

The petitioner's remaining contentions are without merit. Schmidt, J.P., Crane, Krausman and Dickerson, JJ., concur.