■ In the Matter of JOSEPH GRAMANDO et al., Respondents-Appellants, v PUTNAM COUNTY PERSONNEL DEPARTMENT et al., Appellants-Respondents. [872 NYS2d 483]—

In a proceeding, inter alia, pursuant to CPLR article 78 in the nature of mandamus to compel Putnam County Personnel Department and Paul Eldridge to accept and certify the appointment of the petitioner Joseph Gramando to the position of Director of School Facilities, Operations, and Transportation of the petitioner Carmel Central School District, and to certify the payroll as to that position, Putnam County Personnel Department and Paul Eldridge appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Putnam County (O'Rourke, J.), entered February 11, 2008, as granted the petition to the extent of directing them to retain the petitioner Joseph Gramando in the subject position until a new civil service examination for the position is administered and to administer a new civil service examination for that position, and permanently enjoining them from instituting civil or criminal proceedings against the petitioner Carmel Central School District Board of Education in connection with the payment of the salary of the petitioner Joseph Gramando, and, in effect, dismissed their counterclaim for an award of costs and the imposition of sanctions pursuant to 22 NYCRR 130-1.1, and the petitioners cross-appeal from so much the same order and judgment as directed Putnam County Personnel Department and Paul Eldridge to administer a new civil service examination and limited the period of time during which the petitioner Joseph Gramando was to be retained in his position.

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof granting the petition to the extent of directing Putnam County Personnel Department and Paul Eldridge to retain the petitioner Joseph Gramando in the position of Director of School Facilities, Operations, and Transportation of the petitioner Carmel Central School District until a new civil service examination is administered and to administer a new civil service examination for that position, and permanently enjoining them from instituting civil or criminal proceedings against the petitioner Carmel Central School District in connection with the payment of the salary of the petitioner Joseph Gramando, and substituting therefor a provision denying the petition and dismissing the proceeding on the merits; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, with one bill of

costs to Putnam County Personnel Department and Paul Eldridge.

The contention of Putnam County Personnel Department and Paul Eldridge, the Personnel Director of the Putnam County Department of Personnel (hereinafter together the County), that this proceeding was not timely commenced is without merit. The proceeding was commenced both within four months after the determination to be reviewed became final and binding upon the petitioners and within four months after the County's refusal, upon the petitioners' demand, to perform its allegedly nondiscretionary duty (*see* CPLR 217 [1]).

"Where, as here, an administrative agency takes action without an evidentiary hearing, the standard of review is not whether there was substantial evidence in support of the determination (*see* CPLR 7803 [4]), but rather, whether the determination had a rational basis, and was not 'arbitrary and capricious' " (*Matter of Ball v New York State Dept. of Envtl. Conservation,* 35 AD3d 732, 733 [2006]; *see* CPLR 7803 [3]; *Matter of Sasso v Osgood,* 86 NY2d 374, 385 [1995]; *Matter of Halperin v City of New Rochelle,* 24 AD3d 768, 770 [2005]; *Matter of Poster v Strough,* 299 AD2d 127, 141-142 [2002]; *Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.,* 120 AD2d 166, 169 [1986]). "Further, in a proceeding seeking judicial review of administrative action, the court may not substitute its judgment for that of the agency responsible for making the determination" (*Matter of Ball v New York State Dept. of Envtl. Conservation,* 35 AD3d at 733; *see Matter of Chemical Specialties Mfrs. Assn. v Jorling,* 85 NY2d 382, 386 [1995]; *Flacke v Onondaga Landfill Sys.,* 69 NY2d 355, 363 [1987]). "This court will not interfere with the discretion of [a Civil Service] Commission in determining the qualifications of candidates unless the decision was irrational and arbitrary" (*Matter of Villone v Nassau County Civ. Serv. Commn.,* 16 AD3d 591, 592 [2005]; *see Matter of Thorsen v Nassau County Civ. Serv. Commn.,* 300 AD2d 405 [2002]; *Matter of Needleman v County of Rockland,* 270 AD2d 423, 424 [2000]).

Under the Civil Service Law, "[a]ppointments and promotions shall be made from the eligible list most nearly appropriate for the position to be filled" (Civil Service Law § 61 [1]). Under Putnam County's Civil Service Rules, the "Personnel Director shall determine the eligible list most nearly appropriate for the position to be filled" (Putnam County Civil Service rule XI [1]). Rules prescribed by a municipal civil service commission for carrying into effect the provisions of the Civil Service Law, when

filed with the Secretary of State, have the force and effect of law (*see* Civil Service Law § 20 [1], [2]).

Here, Eldridge ultimately determined the eligible list most nearly appropriate for the position to be filled (*see* Putnam County Civil Service Rule XI [1]). Since the petitioner Joseph Gramando, whom the petitioner Carmel Central School District Board of Education (hereinafter the School District) selected for appointment, was not among the three individuals "standing highest on such eligible list," the appointment violated Civil Service Law § 61 (1).

While the petitioners assert that Gramando was one of only two potential candidates on the eligible list who actually satisfied all of the minimum qualifications for appointment to the position to be filled, their contention is without merit. It is undisputed that the announcement for the examination that resulted in the eligible list that was ultimately certified set forth a special requirement that the successful candidate possess a supervisor asbestos license at the time of appointment. However, Eldridge subsequently determined that possession of that license at the time of appointment was unnecessary since the successful candidate could obtain such license within a reasonable time after appointment. Consequently, Eldridge acted properly and within his authority in determining that the possession of the license at the time of appointment was not a requirement of the position (*see* Putnam County Civil Service Commission rule XXII [2] [c]), and in certifying as eligible for appointment those applicants who did not possess the license at the time of the examination (*see* Civil Service Law § 50 [4] [a]). Once he did so, the School District acted illegally in appointing Gramando on the basis of his possession of the license, since more than three individuals who were certified for appointment ranked ahead of him on the list (*see* Civil Service Law § 61 [1]). Accordingly, the County had a rational basis for refusing to certify the payroll as to Gramando (*see* Civil Service Law § 100 [1]), and its actions in so doing were not arbitrary or capricious. Additionally, the County's actions were not arbitrary and capricious on the basis of an alleged inconsistency with the actions it took in connection with arguably similar circumstances in a different school district. Contrary to the petitioners' contentions, the circumstances under which the County approved an appointment in the Mahopac Central School District were not identical to those presented here. Also, contrary to the petitioners' contention, the County did not violate a rule it had duly adopted (*cf. Matter of Poss v Kern,* 263 App Div 320 [1942]).

Under the particular circumstances of this proceeding, the

Supreme Court improperly directed the County to administer a new civil service examination. We note that, upon the dismissal of the proceeding, the County has the discretion to determine whether to certify an existing eligible list as most nearly appropriate to the position to be filled, or to administer a new examination (*see* Putnam County Civil Service rule XI [1]).

The Supreme Court providently exercised its discretion in, in effect, dismissing the County's counterclaim, and in thus declining to award costs to it or impose a sanction upon the petitioners (*see* 22 NYCRR 130-1.1).

The parties' remaining contentions are without merit or have been rendered academic by our determination. Spolzino, J.P., Covello, Angiolillo and Chambers, JJ., concur.