■ In the Matter of Sebastian E. Rodriguez, Respondent, v County of Nassau et al., Appellants. [915 NYS2d 159]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination by the Nassau County Civil Service Commission dated June 25, 2008, which disqualified the petitioner from the application process for a position as a Nassau County Correction Officer, the appeal is from a judgment of the Supreme Court, Nassau County (Woodard, J.), entered December 11, 2009, which granted the petition and vacated the determination.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed.

In December 2007 the petitioner passed an exam for a position as a Nassau County Correction Officer. Thereafter he was informed by letter dated April 29, 2008, from Officer G. Friel of the Nassau County Police Department, Applicant Investigation Unit, as follows: "You are advised that this Department is now preparing for the investigation of your character and background, to determine your eligibility for the position of Correction Officer. Therefore, you are directed to contact this office at [a specified phone number] to receive further information and schedule an appointment. If you fail to contact me by May 5, 2008, your application may be discontinued." Officer Friel also left four voice messages on the petitioner's cellular telephone voicemail in an attempt to contact him. The petitioner neither answered the letter nor returned the telephone calls before the May 5, 2008, deadline had passed. As a result, by letter dated

June 11, 2008, the petitioner was informed by the Nassau County Civil Service Commission (hereinafter the Commission) that he had been "disqualified for . . . failure to cooperate with [his] background investigation." The same letter also advised the petitioner that he had the right to "make explanation and to submit facts in opposition to such disqualification." By letter dated June 16, 2008, the petitioner wrote to the Commission alleging that he never received the letter dated April 29, 2008, and that because he did not regularly use his cellular telephone, he was unaware of the voice messages from Officer Friel until the week of June 2, 2008. By letter dated June 25, 2008, the Commission advised the petitioner that after review it had decided to uphold the original disqualification notification.

The petitioner then commenced this CPLR article 78 proceeding, contending that the determination was "arbitrary and capricious and without just cause or good sound reason." The Supreme Court granted the petition, explaining, inter alia, that there was no "rational reason" why the appellants did not attempt to contact the petitioner either through his previously provided home or work telephone numbers, and that the appellants had failed to explain how the petitioner's delay "adversely affected the application process." We reverse.

"[I]n a proceeding seeking judicial review of administrative action, the court may not substitute its judgment for that of the agency responsible for making the determination, but must ascertain only whether there is a rational basis for the decision or whether it is arbitrary and capricious. Moreover, where . . . the judgment of the agency involves factual evaluations in the area of the agency's expertise and is supported by the record, such judgment must be accorded great weight and judicial deference" (*Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 363 [1987] [citations omitted]; *see* CPLR 7803 [3]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *see also Matter of Fogelman v New York State Dept. of Envtl. Conservation*, 74 AD3d 809, 810 [2010]). Furthermore, an appointing authority has "wide discretion in determining the fitness of candidates" (*Matter of Verme v Suffolk County Dept. of Civ. Serv.*, 5 AD3d 498, 498 [2004]; *see Matter of Gramando v Putnam County Personnel Dept.*, 58 AD3d 842, 844 [2009]; *Matter of Mullen v County of Suffolk*, 43 AD3d 934, 935 [2007]; *Matter of Villone v Nassau County Civ. Serv. Commn.*, 16 AD3d 591, 592 [2005]).

Here, as the Supreme Court concluded, the petitioner failed to rebut the presumption of delivery and receipt of the letter dated April 29, 2008, advising him to contact the Police Department to schedule a background interview (*see Wasif v Khan*, 36

AD3d 610, 611 [2007]; *Matter of Most v Morrison*, 280 AD2d 603, 604 [2001]). Nor does the petitioner allege that the Commission was required to do more than send such a letter. Although the Supreme Court concluded that it was irrational for Officer Friel to simply use the petitioner's cellular telephone number in his attempts to contact the petitioner, these phone calls were merely a courtesy. It was the letter dated April 29, 2008, which provided the petitioner with reasonable notification of the deadline by which he was required to make his background interview appointment.

Moreover, the Commission's determination to disqualify the petitioner based upon the failure to timely schedule the background interview was neither irrational nor arbitrary. Accordingly, it was error for the Supreme Court to substitute its judgment for that of the Commission (*see Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239 [1997]; *Matter of Gramando v Putnam County Personnel Dept.*, 58 AD3d at 844; *Matter of Mullen v County of Suffolk*, 43 AD3d at 935; *cf. Matter of Villone v Nassau County Civ. Serv. Commn.*, 16 AD3d at 592). Rivera, J.P., Dickerson, Lott and Sgroi, JJ., concur.