■ In the Matter of JOSEPH ROGAN, Appellant, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Respondents. [936 NYS2d 551]—

An appointing authority has wide discretion in determining the fitness of candidates (*see Matter of Rodriguez v County of Nassau*, 80 AD3d 702, 703 [2011]; *Matter of Mullen v County of Suffolk*, 43 AD3d 934, 935 [2007]; *Matter of Villone v Nassau County Civ. Serv. Commn.*, 16 AD3d 591, 592 [2005]; *Matter of Verme v Suffolk County Dept. of Civ. Serv.*, 5 AD3d 498 [2004]; *Matter of Ressa v County of Nassau*, 224 AD2d 534 [1996]; *Matter of Havern v Senko*, 210 AD2d 480, 481 [1994]). This discretion is particularly broad in the hiring of law enforcement officers, to whom high standards may be applied (*see Matter of Mullen v County of Suffolk*, 43 AD3d at 935; *Matter of Little v County of Westchester*, 36 AD3d 616, 617 [2007]; *Matter of Thomas v Straub*, 29 AD3d 595, 596 [2006]; *Matter of Stephens v Suffolk County Dept. of Civ. Serv.*, 15 AD3d 589, 590 [2005]; *Matter of Winnegar v County of Suffolk*, 13 AD3d 382 [2004]; *Matter of Verme v Suffolk County Dept. of Civ. Serv.*, 5 AD3d 498 [2004]; *Matter of Mark v Schneider*, 305 AD2d 685, 686 [2003]; *Matter of Needleman v County of Rockland*, 270 AD2d 423, 424 [2000]; *Matter of Ressa v County of Nassau*, 224 AD2d 534 [1996]; *Matter of Havern v Senko*, 210 AD2d at 481). This Court may not substitute its judgment for that of the agency responsible for making the determination and, as long as the administrative determination is not irrational or arbitrary and capricious, we may not annul it (*see* CPLR 7803 [3]; *Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 363 [1987]; *Matter of Warder v Board of Regents of Univ. of State of N.Y.*, 53 NY2d 186, 194 [1981], *cert denied* 454 US 1125 [1981]; *Matter of Pell v*

*Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 232 [1974]).

Contrary to the petitioner's contention, the respondents did not act irrationally or arbitrarily and capriciously in relying upon a proctor's assessment that the petitioner failed to complete the number of sit-ups required to pass the physical fitness screening test promulgated by the Municipal Police Training Council (*see* 9 NYCRR 6000.8; *cf. Matter of Needleman v County of Rockland*, 270 AD2d at 424). The petitioner's failure to pass the physical fitness screening test supports the determination of the Nassau County Civil Service Commission in this case.

Contrary to the petitioner's further contention, the Supreme Court correctly determined that no trial was necessary pursuant to CPLR 7804 (h), as there were no disputed facts that needed to be tried in order for the Supreme Court to determine whether the underlying administrative determination was irrational or arbitrary and capricious (*cf.* CPLR 7804 [h]). Dickerson, J.P., Hall, Austin and Miller, JJ., concur.