In a proceeding pursuant to CPLR article 78 to review a de *881 termination of the respondent Suffolk County Police Department dated June 27, 2011, removing the petitioner from the certified list of eligible candidates for the position of Suffolk County Police Officer, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Leis III, J.), entered February 29, 2012, which granted the respondents’ motion to dismiss the petition, dismissed the petition, and, in effect, dismissed the proceeding.
Ordered that the order and judgment is affirmed, with costs.
Contrary to the petitioner’s contention, the record supports the determination of the respondent Suffolk County Police Department removing the petitioner from the certified list of eligible candidates for the position of Suffolk County Police Officer based upon the results of his pre-employment polygraph examination. The respondents did not act irrationally or arbitrarily in relying on the opinions of several experts who reviewed the test results and concluded that the petitioner had deliberately engaged in the use of countermeasures in an attempt to improperly influence the results of the examination (see Matter of Mullen v County of Suffolk, 43 AD3d 934 [2007]; Matter of Mark v Schneider, 305 AD2d 685 [2003]; Matter of Kelly v Suffolk County Dept. of Civ. Serv. Human Resources, 301 AD2d 525 [2003]). Moreover, the petitioner failed to present evidence demonstrating that the determination lacked a rational basis or was arbitrary and capricious. Accordingly, the Supreme Court properly granted the motion to dismiss the petition, dismissed the petition, and, in effect, dismissed the proceeding. Mastro, J.P., Dillon, Angiolillo and Chambers, JJ, concur.