Matter of Weiss v County of Nassau (2019 NY Slip Op 07594)





Matter of Weiss v County of Nassau


2019 NY Slip Op 07594


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2018-11909
 (Index No. 609334/18)

[*1]In the Matter of Kristin Weiss, appellant,
v
County of Nassau, et al., respondents.


Law Offices of Louis D. Stober, Jr., LLC, Mineola, NY (Kyle Monaghan of counsel), for appellant.
Jared A. Kasschau, County Attorney, Mineola, NY (Jackie L. Gross of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Civil Service Commission dated March 15, 2018, which, upon reconsideration, adhered to an original determination dated February 20, 2018, disqualifying the petitioner from eligibility for the position of Police Service Aide Trainee, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered September 21, 2018. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In 2013, the petitioner took the Police Service Aide Trainee Examination No. 3005. In June 2017, while her application for the position of Police Service Aide Trainee was pending, she applied to the Nassau County Civil Service Commission (hereinafter the Commission) for a position as a Crossing Guard. In connection with that application, the petitioner submitted a written statement dated October 24, 2017, disclosing, inter alia, that she had used marijuana "approximately 100 times or less between 2007 - 2015." The petitioner was subsequently hired as a Crossing Guard and has been employed in that capacity since November 17, 2017. Thereafter, in a letter dated March 1, 2018, the Commision notified the petitioner that it had determined that she was disqualified from eligibility for the position of Police Service Aide Trainee on the ground of "disrespect for the process of law and order as evidenced by her admitted use of an illegal substance after the examination." The petitioner pursued an administrative appeal, requesting that the Commission reconsider its determination. In a letter dated March 22, 2018, the Commission advised the petitioner that, on March 15, 2018, it conducted "a thorough review of all the materials submitted in connection with [her] disqualification" and "determined that the original notification of disqualification stands."
In July 2018, the petitioner commenced this proceeding pursuant to CPLR article 78 against the County of Nassau, Nassau County Police Department, and the Commission, alleging, among other things, that the Commission acted arbitrarily and capriciously in determining that she was not eligible for the position of Police Service Aide Trainee, yet hired her as a Crossing Guard. In a judgment entered September 21, 2018, the Supreme Court denied the petition and, in effect, [*2]dismissed the proceeding. The petitioner appeals.
" [I]n a proceeding seeking judicial review of administrative action, the court may not substitute its judgment for that of the agency responsible for making the determination, but must ascertain only whether there is a rational basis for the decision or whether it is arbitrary and capricious'" (Matter of Rodriguez v County of Nassau, 80 AD3d 702, 703, quoting Flacke v Onondaga Landfill Sys., 69 NY2d 355, 363; see CPLR 7803[3]; Matter of Altman v Suffolk County Dept. of Civ. Serv., 165 AD3d 921, 922). Furthermore, "the Commission is afforded wide discretion in determining the fitness of candidates for appointment," and, as such, "[t]his Court will not interfere with the discretion of the Commission in determining the qualifications of candidates unless the decision was irrational and arbitrary" (Matter of Villone v Nassau County Civ. Serv. Commn., 16 AD3d 591, 592; see Matter of Rogan v Nassau County Civ. Serv. Comm., 91 AD3d 658, 658; Matter of Rodriguez v County of Nassau, 80 AD3d at 703; Matter of Bruen v Nassau County Civ. Serv. Commn., 294 AD2d 361, 361; Matter of Needleman v County of Rockland, 270 AD2d 423, 424). Contrary to the petitioner's contention, the Commission did not act arbitrarily or capriciously in disqualifying her from eligibility for the position of Police Service Aide Trainee based on her admitted drug use, notwithstanding that she was hired as a Crossing Guard, since those positions involved different duties and responsibilities (see Matter of Mullen v County of Suffolk, 43 AD3d 934, 935; Matter of Little v County of Westchester, 36 AD3d 616, 617; Matter of Verme v Suffolk County Dept. of Civ. Serv., 5 AD3d 498, 499; Matter of Havern v Senko, 210 AD2d 480, 481). Accordingly, we agree with the Supreme Court's determination to deny the petition and, in effect, dismiss the proceeding.
RIVERA, J.P., BALKIN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court